**Robert STOTTS, Relator**

v.

**The Honorable Jon WISSER, Judge 299th District Court, Travis County, Respondent.**

**No. 71962.**

Court of Criminal Appeals of Texas, En Banc.

March 8, 1995.

David L. Botsford, Austin, as atty. for Texas Criminal Def. Lawyers' Strike Force, David A. Schulman, Austin, for relator.

Jon Wisser, pro se.

Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON RELATOR'S*
*APPLICATION FOR WRIT*
*OF MANDAMUS*

OVERSTREET, Judge.

This is an original application for writ of mandamus. Relator, in a trial by jury, was convicted of the offense of aggravated robbery in the 299th District Court of Travis County on June 22, 1994. On July 20, 1994 the trial court conducted a sentencing hearing and assessed punishment at twenty-six (26) years confinement in the Texas Department of Criminal Justice Institutional Division. Notice of appeal was timely filed on August 10, 1994. Respondent presided over Relator's trial. Relator seeks to challenge orders entered by Respondent as to Relator's court appointed counsel. Specifically, he seeks to have this Court compel Respondent to vacate his orders appointing someone other than trial counsel to represent him on appeal, and to compel Respondent to allow appointed trial counsel to remain as counsel on appeal. On October 26, 1994, we granted leave to file the instant application.

## I. *PERTINENT FACTS*

The record indicates that Respondent appointed Karyl Krug and another attorney to represent Relator at trial. The appointment order, signed by Respondent, recites in part:

I hearby appoint Karyl Krug, an attorney found by the Court to be competent, to represent the defendant in the above numbered and entitled cause, and to continue to represent the defendant until the case is concluded, including appeal, if any, or until released by written order of this court.

Relator through a statement made under penalty of perjury signed and dated July 20, 1994 stated that an attorney/client relationship had been developed between Krug and himself. Relator also stated that he had great confidence in her ability to represent him on appeal and that he did not want any other attorney to represent him on appeal, but wanted the appointment of Krug to be continued for representation on appeal. Re-

spondent denied Krug's request to represent Relator on appeal.[1] New counsel was appointed for the appeal.

## II. *ANALYSIS*

■ To establish an entitlement to mandamus relief, a relator must satisfy two requirements: 1) there must be no adequate remedy at law to redress his alleged harm; and 2) the act sought to be compelled is purely ministerial, i.e. the relator must have a clear right to the relief sought. *Buntion v. Harmon*, 827 S.W.2d 945, 947 (Tex.Cr.App.1992); *Stearnes v. Clinton*, 780 S.W.2d 216, 219 (Tex.Cr.App.1989).

■ In *Buntion v. Harmon, supra,* we held that a relator has no adequate remedy at law for the arbitrary replacement of appointed counsel. *Id.* at 948. We also held that a trial judge does not have discretion to replace appointed trial counsel over the objection of both counsel and the defendant when the only justification for such replacement is the trial judge's personal practice, experience, feelings or preference. Rather, there must be some principled reason, apparent from the record, to justify the trial judge's *sua sponte* replacement of appointed counsel. *Id.* at 949.

■ Respondent maintains that the record contains a principled reason authorizing his replacement of Krug over the objection of Relator and Krug. Respondent states that Krug was merely appointed as an aide, notetaker, and observer for lead trial counsel. He urges that Krug should not be permitted to bootstrap herself from an appointed "notetaker" to appointed appellate counsel.

The record does not support Respondent's assertion concerning Krug's limited role. As noted above, the appointment order in this cause is all inclusive. Moreover, an attorney is appointed to represent a defendant rather than as an aid or assistant to other appointed counsel. Article 26.04(a), V.A.C.C.P. Art. 26.04(a) specifically states that an attorney appointed thereunder "shall represent the defendant until charges are dismissed, the

1. Within a response filed with this Court, Respondent explains that standard operating procedure in his court involves appointment of an attorney from the appellate rotation list maintained by the Travis County Pretrial Services office.

defendant is acquitted, *appeals are exhausted,* or the attorney is relieved of his duties by the court or replaced by other counsel." (Emphasis added.) As noted above, absent a principled reason apparent from the record, a trial judge does not have discretion to replace appointed trial counsel over the objection of both counsel and the defendant.

### III. *CONCLUSION*

We find no such principled reason evident which would justify Respondent's action in replacing appointed counsel Krug. Consequently, we hold that Relator does have a clear right to the relief sought. Accordingly, Relator is entitled to a writ of mandamus directing Respondent to vacate his order replacing appointed trial counsel Krug for purposes of appeal. However, as is customary with this Court, we will withhold issuance of the writ at this time. Instead, we accord Respondent the opportunity to conform his actions to this opinion. Only if such action is not taken will the writ of mandamus issue.

BAIRD, Judge, concurring.

In his affidavit responding to this writ application, respondent poses the following question: "who controls the court appointed attorney system in this county—the judges or the indigent defendants and/or their attorneys ..."? Apparently, there is confusion among some of our trial judges as to when their authority to determine who will represent an indigent defendant begins and ends. Respondent's question deserves our attention and I write separately to answer it and hopefully to provide some guidance to the trial bench.

The right to an attorney, whether at trial or on appeal, is a fundamental right. *Gideon v. Wainwright,* 372 U.S. 335, 344, 83 S.Ct. 792, 796–97, 9 L.Ed.2d 799 (1963). Under the Sixth and Fourteenth Amendments, an indigent defendant is entitled to the appointment of counsel. *Gideon, supra.* However, an indigent defendant does not have the right to the appointment of a particular attorney. *Buntion v. Harmon,* 827 S.W.2d 945, 949 (Tex.Cr.App.1992). Rather, appointed counsel is selected by the trial judge. Tex.Code Crim.Proc.Ann. art. 26.04(a). And

the trial judge is under no duty to search until he finds an attorney which is agreeable to the defendant. *Malcom v. State,* 628 S.W.2d 790, 791 (Tex.Cr.App.1982) (Panel opinion). When the trial judge appoints an attorney to represent the indigent defendant, the defendant has been accorded the protections provided under the Sixth and Fourteenth Amendments. *Ibid.*

The attorney-client relationship between appointed counsel and an indigent defendant is no less inviolate than if counsel is retained. *Stearnes v. Clinton,* 780 S.W.2d 216, 221–222 (Tex.Cr.App.1989); *and, Buntion,* 827 S.W.2d at 949. Once counsel is appointed, the trial judge is obliged to respect the attorney-client relationship created through the appointment. *Ibid.* (Citing *Stearnes,* 780 S.W.2d at 221). And when an attorney-client relationship is established, the trial judge may not arbitrarily remove the attorney over the objections of both the defendant and his counsel. *Stearnes,* 780 S.W.2d at 221 (citing *Harling v. United States,* 387 A.2d 1101 (D.C.Cir.1978)); *and, Buntion,* 827 S.W.2d at 949. There must be some principled reason, apparent from the record, to justify a trial judge's *sua sponte* interference with the attorney-client relationship. *Ibid.*

Consequently, respondent's question may be answered as follows: The trial judge determines which attorney to appoint and once the appointment is made, the trial judge may not remove that counsel without some principled reason.

With these comments, I join the majority opinion.

MALONEY, Judge, concurring.

I join the majority's opinion but write separately to emphasize that trial judges by their entered orders control the appointment of counsel as to who they shall be and for how long the appointment shall last.

Apparently Travis County has instituted a plan for the appointment of counsel at trial and for appeal depending upon qualifications of the appointed attorneys. This I assume is for the purpose of insuring Sixth Amendment requirements of adequate counsel. Nothing

in the majority opinion is adverse to such an instituted plan.

With this understanding, I join the opinion as stated above.

WHITE, Judge, concurring and dissenting on writ of mandamus.

Relator brings this original action against respondent, who presided over relator's trial in the 229th District Court of Travis County in which relator was convicted of aggravated robbery. During that trial, relator was represented, at first, only by David Grassbaugh. When jury selection began, Karyl Krug was appointed to assist Grassbaugh in his defense of relator. At the conclusion of the trial, after relator was sentenced by respondent, Grassbaugh withdrew from the case and Krug informed respondent that she would be representing relator on appeal. Respondent informed Krug that her "request" would be denied.

In this motion, relator urges two grounds for relief. In the first ground, he requests this Court to issue a writ of mandamus to compel respondent to vacate his orders appointing Susan Taylor and David Fannin to represent him on appeal. In the second ground, relator requests this Court to compel respondent to permit Krug to remain on as his counsel on appeal. The latter is no less than a request that respondent acknowledge that Krug is relator's appointed counsel within the context of TEX.CODE CRIM.PROC. ANN. Art. 26. The majority grants both requests. I believe all that is required of this Court in this action is to issue a writ of mandamus to compel the trial court to vacate its orders appointing Taylor and Fannin to represent respondent on appeal. In this, I join the opinion of the majority to grant relator's first ground for relief.

But I also believe this Court should not issue a writ to compel respondent to alter his view that Krug has, intentionally or unintentionally, used a back door to circumvent the usual procedures in Travis County for the appointment of appellate counsel. Because the majority's vote to grant both of relator's requests for relief implicitly does this, I dissent to the majority's decision to grant relator's second ground for relief.

The majority opinion sets out the language of the appointment order which was signed by respondent. This order appears to be a standard form. However, respondent and Krug express very different views of the meaning of her appointment. Respondent states that Krug was appointed solely to be a "note-taker" for Grassbaugh. Krug states that she was appointed to assist Grassbaugh by preserving error and prosecuting an appeal. The standard form used by respondent does not explicitly support either respondent's or Krug's statement.

In his response to relator's motion, respondent explains that he used this form only because he had no special form to designate his appointment of Krug as an assistant to Grassbaugh, and because it was necessary to facilitate Krug being paid by Travis County for the legal services which she rendered at trial. Respondent also states that he never appoints an assistant trial counsel to handle an appeal, something Krug disputes in her responding affidavit.

Regardless of the particular assertions and counter-assertions in the dispute between respondent and Krug, the record reflects that relator understood at trial, and believes now, that Krug is his attorney and he is her client. On the day respondent sentenced him, relator executed a "statement made under penalty of perjury" in which he stated that Grassbaugh informed him that Krug was appointed to assist Grassbaugh in defending him. Relator also stated that an "attorney/client relationship has developed between Ms. Krug and myself, and I have great confidence in her ability to represent me on appeal and it is my desire that she represent me on appeal."

I believe the protection of relator's attorney/client relationship with Krug is the goal of his request for mandamus action against respondent.

Relator presents two distinct issues in his motion. First is the issue of whether respondent may impose Fannin, Taylor or some other attorney on relator instead of Krug. The second issue is whether Krug will serve relator as his counsel on appeal as an appointed attorney under TEX.CODE CRIM.

PROC.ANN. Art. 26 and be paid by the taxpayers of Travis County, or simply as the attorney of record on appeal for relator. See TEX.CODE CRIM.PROC.ANN. Art. 26.04(a). I believe that only the first issue is a proper subject for mandamus action at this time.

As pointed out above an attorney/client relationship formed between relator and Krug that entitles relator to have Krug represent him on appeal, regardless of the wishes of the trial court. *Powell v. Alabama,* 287 U.S. 45, at 53–54, 53 S.Ct. 55, at 58–59, 77 L.Ed. 158 (1932); and *Stearnes v. Clinton,* 780 S.W.2d 216, at 222 (Tex.Cr.App.1989). Respondent acknowledged the existence of the relationship in his reply to relator's motion, "Mr. Stotts certainly has the right to retain Ms. Krug, she has the right to represent him on a pro bono basis, but she should not have the right to force the taxpayers of Travis County to pay for her representation of Mr. Stotts." Since respondent has conceded the existence of the attorney/client relationship between Krug and relator, respondent should vacate his orders appointing Fannin and Taylor, respectively. Mandamus should be issued pursuant to relator's first ground for relief.

This would leave Krug as relator's sole attorney on appeal. Respondent may not interfere with that relationship. If respondent is not to be permitted to make an appointment of another attorney for relator that would interfere with the attorney/client relationship between Krug and relator, the second issue before this Court, whether Krug is an "appointed" attorney or simply the attorney of record, would be irrelevant to relator. I believe an attempt to resolve this issue would be premature at this time. Krug's status as an appointed attorney would only come into play if she was to request payment from Travis County pursuant to the provisions of Art. 26, which would most likely take place after she has rendered appellate services and submitted a pay voucher to the District Clerk of Travis County. TEX. CODE CRIM.PROC.ANN. Art. 26.04(c).

I do not believe it is necessary, or timely, to issue a writ of mandamus on relator's second ground for relief. Mandamus should not be lightly or prematurely taken by the Court. *State ex rel. Sutton v. Bage,* 822 S.W.2d 55, at 56 (Tex.Cr.App.1992). The issue of who, if anyone, will compensate Krug for her services as relator's attorney of record on appeal is a cause of action for her to pursue at the time that issue has arisen. I would hold that relator's second ground for review is not ripe for consideration by this Court. I dissent to the majority's decision to hold otherwise.

I join the majority's decision that relator is entitled to the issuance of a writ of mandamus on his first ground for relief only. If respondent would not voluntarily comply and vacate his orders appointing Fannin and Taylor to represent relator on appeal, then I would join the majority in issuing a writ of mandamus to compel respondent to do so.

McCORMICK, P.J., and MEYERS and KELLER, JJ., join this opinion.