Phil Robertson, Robertson & Robertson, Clifton, for relator.

James E. Morgan, Judge, 220th District Court, Comanche, for respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## **In re Stephen Marty BEHEE.**

### No. 10–99–003–CR.

Court of Appeals of Texas, Waco.

Feb. 10, 1999.

# OPINION

PER CURIAM.

Relator Stephen Marty Behee seeks a writ of mandamus directing the Honorable James E. Morgan to vacate his order terminating appointed counsel in a criminal case. We conclude that Behee is entitled to the relief sought and conditionally grant the writ.

## BACKGROUND

Behee was arrested August 11, 1998, on a charge of aggravated sexual assault. His bond was set at $50,000. On September 30, Behee filed an affidavit of indigency and requested an appointed attorney. On that day, Respondent entered an order appointing Tony Silas. The order tracked the statutory language of article 26.04(a) that the appointed attorney "shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel." Tex.Code Crim. Proc. Ann. art. 26.04(a) (Vernon 1989).

On October 8, Silas filed an application for writ of habeas corpus seeking reduction of Behee's bond. After a hearing on October 14, Respondent lowered the bond to $20,000.

On November 10, Silas filed a second application for writ of habeas corpus seeking Behee's release under article 17.151 of the Code of Criminal Procedure. Id. art. 17.151 (Vernon Supp.1999). Article 17.151 requires that the court release a defendant either on personal bond or by reducing the amount of bail if the State is not ready for trial within a prescribed time. Id. The second application alleged that Behee had been continuously held in jail for ninety days without being indicted or charged by information and that the State was not ready for trial.

After a hearing on November 20, Respondent granted Behee's application. The order authorized Behee's release upon executing a $5,000 bond and making a $750 cash deposit. Behee complied and was released from jail.

The grand jury indicted Behee on November 24 on two counts of aggravated sexual assault. On December 16, Behee and Silas appeared in court for the arraignment. Behee waived his arraignment. The following then occurred on the record:

> THE COURT: I had previously appointed Mr. Silas to represent you in this matter, and he may be laboring under the assumption that he's still court appointed but I want to make sure that we get that ironed out. I don't have a problem with you doing it right now in your court appointment but anything further after this point is not going to be under appointment. You need to understand that. I don't suppose you've payed him any money to represent you?
>
> MR. BEHEE: No, sir.
>
> THE COURT: Okay. But now you're out on bond. You need to understand I'm going to expect you to hire an attorney to represent you. Do you understand that?
>
> . . .
>
> MR. SILAS: Your Honor, before we leave today and my duties are discharged, I would like, for the record, to object as being discharged as his attorney. Mr. Behee was released under mandatory provisions of 17.151; therefore, I would ask the Court to retain me as his attorney as he didn't bond out.

> THE COURT: Your objection is noted. He did bond out.
>
> MR. SILAS: Under the mandatory 17.151.
>
> THE COURT: I think he's got a cash deposit bond, if I'm not mistaken, but anyway
>
> . . . .

Behee filed a petition for mandamus asking that Respondent be directed to vacate his order terminating Silas as his court-appointed counsel.

## APPLICABLE LAW

■ To be entitled to mandamus relief, Behee must establish that (1) he has no adequate remedy at law, and (2) that he has a clear right to relief. *Buntion v. Harmon,* 827 S.W.2d 945, 947 (Tex.Crim.App.1992).

Behee cites several cases for the proposition that mandamus is proper when a judge has improperly removed appointed counsel. *See id.; Stearnes v. Clinton,* 780 S.W.2d 216, 225 (Tex.Crim.App.1989); *Stotts v. Wisser,* 894 S.W.2d 366, 367 (Tex.Crim.App.1995) (replacing appointed trial counsel on appeal over objection).

Article 24.06 provides for the appointment of counsel for indigent defendants. TEX. CODE CRIM. PROC. ANN. art. 26.04 (Vernon 1989). When the court determines a defendant is indigent, the court "shall appoint" an attorney to defend him. *Id.* art. 26.04(a). An attorney so appointed "shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel." *Id.*

In determining whether a defendant is indigent, the court may consider many factors. *Id.* art. 26.04(b). The court may not, however, deny appointment of counsel "solely because the defendant has posted or is capable of posting bail." *Id.* If there is a material change in the defendant's circumstances after the indigency determination, the defendant, his counsel, or the prosecutor may move for reconsideration of the determination. *Id.* art. 26.04(e).

■ The statute allows Respondent to reconsider the determination of Behee's indigency upon a motion that there has been a material change in his circumstances.[1] *Id.* Here, however, there was no hearing to reconsider that determination. The sole reason for Respondent's action that is apparent in the record is that Behee had posted bond—a situation specifically prohibited under the statute. *Id.* art. 26.04(b).

Under these circumstances, Respondent acted outside his statutory authority and abused his discretion in terminating the appointment of counsel. Thus, we conditionally grant the relief sought.

Respondent is directed to vacate his order terminating appointment of counsel. Confident that he will do so, the writ will issue only upon Respondent's failure to comply with this opinion.

---

1. We do not reach the question of whether the court may conduct a redetermination of indigency on its own motion.