NO. 07-02-0529-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY10, 2003



______________________________




IN RE RAYMUNDO LEYVA, RELATOR



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION (2)


 By this original proceeding, relator Raymundo Leyva, proceeding pro se and in
forma pauperis, seeks a writ of mandamus to compel the Honorable Jack R. Miller, Judge
of the 64th District Court of Hale County, to dismiss the complaint against him for violating
his right to a speedy trial. For the reasons expressed herein, the petition for writ of
mandamus must be denied.

 By his unverified factual assertions, (3) relator claims that he was charged with
escaping from the Hale County Jail and although he gave a bond, has been incarcerated
since 1998 without proceeding to trial. Relator further contends that he has requested the
trial court to dismiss the complaint for violation of his right to a speedy trial. However, his
petition does not contain a certified or sworn copy of any document showing the matter
complained of as required by Rule 52.3(j)(1)(A) of the Texas Rules of Appellate Procedure. 
Asserting that the relief requested is a ministerial act, he urges this Court to dismiss the
charge against him and grant him any further relief he may be entitled to.

 Mandamus is an extraordinary remedy available only in limited circumstances
involving manifest and urgent necessity and not for grievances that may be addressed by
other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). A relator is eligible
for mandamus relief only when he can establish two prerequisites: (1) he has no other
adequate remedy at law, and (2) under the relevant law and facts, the act he seeks to
compel is ministerial. Stotts v. Wisser, 894 S.W.2d 366, 367 (Tex.Cr.App. 1995). 

 In Pope v. Ferguson, 445 S.W.2d 950, 955-56 (Tex. 1969), the Court held that a
defendant seeking dismissal of an indictment on speedy trial grounds was not eligible for
mandamus relief because he had an adequate remedy at law, to-wit: he could file a
motion to set aside the indictment for violations of his right to a speedy trial pursuant to
article 27.03 of the Texas Code of Criminal Procedure. Further, if the trial court
erroneously denied the motion, he could appeal from any conviction that resulted. Id.; see
also Zamorano v. State, 84 S.W.3d 643, 646 (Tex.Cr.App. 2002) (holding that a four-year
delay denied the defendant his right to a speedy trial). More recently, in Smith v. Gohmert,
962 S.W.2d 590, 593 (Tex.Cr.App. 1998), the Court reiterated that a defendant seeking
to compel dismissal of an indictment on speedy trial grounds had an adequate remedy at
law and thus, was not entitled to mandamus relief.

 Accordingly, relator's petition for writ of mandamus is denied.

 Don H. Reavis

 Justice

 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Tex. R. App. P. 47.4.
3. Tex. R. App. P. 52.3 requires factual assertions to be verified by affidavit.


font-size: 12pt">PANEL C

MARCH 31, 2009

______________________________
 
IN THE MATTER OF S.D.S.
_________________________________

FROM THE COUNTY COURT OF SWISHER COUNTY;

SITTING AS A JUVENILE COURT

NO. 439; HON.HAROLD KEETER, PRESIDING
_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, S.D.S.,


 appeals the disposition in his juvenile case contending that
Swisher County did not have proper jurisdiction to hear his case because he did not have 
notice of the case’s transfer from Potter County. We dismiss for want of jurisdiction. 
 
 
Factual Background 
          On August 20, 2007, the Potter County Attorney’s office filed a petition alleging that
S.D.S. had engaged in delinquent conduct and prayed that, upon a finding that the child
had engaged in delinquent conduct, S.D.S.’s care, custody, and control be disposed by the
trial court including the possibility of S.D.S.’s commitment to the Texas Youth Commission. 
On September 12th, the trial court held a hearing and adjudicated S.D.S. as having
engaged in delinquent conduct. On September 28th, the Potter County Attorney’s Office
filed a motion to transfer disposition in the case to the juvenile’s county of residence,
Swisher County. See Tex. Family Code Ann. § 51.07 (Vernon 2008).


 However, neither
S.D.S. nor his attorney were served with the Motion to Transfer or the corresponding order
granting the transfer.
          On November 19th, a disposition hearing was held in Swisher County before the
county court judge. Although S.D.S. and his attorney were present at the disposition
hearing, a review of an audio recording of the hearing does not establish that S.D.S.
objected to the commencement of the disposition hearing based on the failure of the State
to give S.D.S. notice of the filing of the motion for transfer of the hearing. After hearing
evidence, the trial court concluded that S.D.S. had engaged in delinquent conduct, 
determined that S.D.S. was in need of rehabilitation, and that it was in his best interest and
in the best interest of the community to commit S.D.S. to the care, custody, and control of
the Texas Youth Commission for an indeterminate period not to exceed S.D.S.’s 19th
birthday. 
          Although S.D.S. and his attorney attended the disposition hearing, S.D.S. was not
served with a copy of the motion for transfer. S.D.S. appeals contending that, because
notice of the transfer was not served upon him, Swisher County did not have jurisdiction
to enter the disposition order. Therefore, S.D.S. contends that the disposition order must
be vacated.  
Law and Analysis
          As a threshold matter, we consider our jurisdiction to review the challenged order. 
S.D.S. does not contest that Potter County had jurisdiction over the initial adjudication
proceeding. § 51.04. Although S.D.S. framed the issue as one of jurisdiction, the issue is
actually one of venue. See § 51.06(a). Venue is not a constitutional requirement; rather,
it is a statutory requirement.


 See id. A juvenile's right to appeal in a juvenile proceeding
is controlled by section 56.01(c). § 56.01(c); In re R.J.M., 211 S.W.3d 393, 394
(Tex.App.–San Antonio 2006, pet. denied). However, section 56.01 does not authorize an
appeal from a transfer order issued under section 51.07. See § 56.01(c). When a
legislative enactment says a juvenile may appeal orders delineated in the statute, there is
no right to appeal orders not so included. In re R.J.M., 211 S.W.3d at 394; See In re J.H.,
176 S.W.3d 677, 679 (Tex.App.–Dallas 2005, no pet.). Neither section 56.01 or 51.07
expressly allow a juvenile to appeal from a motion to transfer. Therefore, applying the plain
language of section 56.01(c), we conclude that an order transferring the cause to another
county under section 57.01 is not an appealable order. See In re R.J.M., 211 S.W.3d at
394; In re J.H., 176 S.W.3d at 679.
Conclusion
          Because the controlling statute does not authorize an appeal from a transfer order
issued under section 51.07, we conclude the order transferring S.D.S.’s case to another
county for disposition is not an appealable order. In re M.A.O., No. 04-07-00658-CV, 2008
WL 5170297, at *6, (Tex.App.–San Antonio Dec. 10, 2008, no pet. h.). Because the
transfer order is not an appealable order, we are without jurisdiction to consider S.D.S.’s
issue and must dismiss the appeal. Id.
 
 
                                                     Mackey K. Hancock

Justice