NO. 07-02-0529-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY10, 2003

_____

IN RE RAYMUNDO LEYVA, RELATOR

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

## MEMORANDUM OPINION[1]

By this original proceeding, relator Raymundo Leyva, proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Jack R. Miller, Judge of the 64th District Court of Hale County, to dismiss the complaint against him for violating his right to a speedy trial. For the reasons expressed herein, the petition for writ of mandamus must be denied.

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[1]Tex. R. App. P. 47.4.

By his unverified factual assertions,[2] relator claims that he was charged with escaping from the Hale County Jail and although he gave a bond, has been incarcerated since 1998 without proceeding to trial. Relator further contends that he has requested the trial court to dismiss the complaint for violation of his right to a speedy trial. However, his petition does not contain a certified or sworn copy of any document showing the matter complained of as required by Rule 52.3(j)(1)(A) of the Texas Rules of Appellate Procedure. Asserting that the relief requested is a ministerial act, he urges this Court to dismiss the charge against him and grant him any further relief he may be entitled to.

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). A relator is eligible for mandamus relief only when he can establish two prerequisites: (1) he has no other adequate remedy at law, and (2) under the relevant law and facts, the act he seeks to compel is ministerial. Stotts v. Wisser, 894 S.W.2d 366, 367 (Tex.Cr.App. 1995).

In Pope v. Ferguson, 445 S.W.2d 950, 955-56 (Tex. 1969), the Court held that a defendant seeking dismissal of an indictment on speedy trial grounds was not eligible for mandamus relief because he had an adequate remedy at law, to-wit: he could file a motion to set aside the indictment for violations of his right to a speedy trial pursuant to

---

[2]Tex. R. App. P. 52.3 requires factual assertions to be verified by affidavit.

article 27.03 of the Texas Code of Criminal Procedure. Further, if the trial court erroneously denied the motion, he could appeal from any conviction that resulted. *Id*.; *see also* Zamorano v. State, 84 S.W.3d 643, 646 (Tex.Cr.App. 2002) (holding that a four-year delay denied the defendant his right to a speedy trial). More recently, in Smith v. Gohmert, 962 S.W.2d 590, 593 (Tex.Cr.App. 1998), the Court reiterated that a defendant seeking to compel dismissal of an indictment on speedy trial grounds had an adequate remedy at law and thus, was not entitled to mandamus relief.

Accordingly, relator's petition for writ of mandamus is denied.

Don H. Reavis
Justice