6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00102-CV


______________________________





IN RE:


BILLY CLYDE HAMILTON








 
 

Original Mandamus Proceeding







 
 



Before Morriss, C.J., Ross and Carter, JJ.

Memorandum Opinion by Justice Ross



MEMORANDUM OPINION


 Billy Clyde Hamilton has filed a petition for writ of mandamus, pro se, in which he
asks this Court to order the trial court to answer or reply to his motion for discovery and
inspection pursuant to Tex. Code Crim. Proc. Ann. art. 39.14 (Vernon Supp. 2003). 
Mandamus issues only when the mandamus record establishes (1) a clear abuse of
discretion or the violation of a duty imposed by law, and (2) the absence of a clear and
adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Stotts v. Wisser,
894 S.W.2d 366, 367 (Tex. Crim. App. 1995). 

 Although the statute does require adequate discovery, it does not require the trial
court to either answer or reply to the motion, except for setting it for hearing and ruling on
it. Filing responses or answers to motions are properly within the purview of the opposing
party, in this case, the State. 

 Hamilton has not shown this Court that the trial court has refused to set his motion
for hearing or to rule on it. He therefore has not shown that the trial court has either
abused its discretion or that it has violated a duty imposed by law.


 The petition is denied.


 Donald R. Ross

 Justice


Date Submitted: August 7, 2003

Date Decided: August 8, 2003




MEMORANDUM OPINION

            On October 18, 2004, Charles Leamond Braley pled guilty to the charge of escape, habitual
offender. The record reflects that, on October 18, 2004, after announcing ready for trial, Braley
advised the trial court he wished to plead guilty and have the court assess punishment. The trial
court then took up this cause, as well as two other cases pending against Braley, one for unlawful
possession of a firearm by felon, habitual offender (No. 06-04-00169-CR, decided December 21,
2004), and one for possession with intent to deliver a controlled substance in penalty group 1, more
than four grams, but less than 200 grams (No. 06-04-00171-CR, decided December 21, 2004). 
Braley waived a jury trial, and the trial court sentenced him to twenty-five years' imprisonment on
each case, to be served concurrently. 
            The record bears no indication that a motion for new trial was ever filed. On December 10,
2004, Braley, through different counsel than the one noted in the trial judgment, filed a notice of
appeal. The notice of appeal was not timely filed. See Tex. R. App. P. 26.2. This Court, therefore,
lacks jurisdiction to hear this case. Accordingly, we dismiss the appeal for want of jurisdiction.



                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          December 20, 2004
Date Decided:             December 21, 2004

Do Not Publish