IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00153-CR

 

Ex parte
Robert Elmond Price

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            Robert Elmond Price has filed an
original habeas application with this Court complaining that Respondent, the
Honorable Matt Johnson, Judge of the 54th District Court of McLennan County, has refused to rule on a habeas application he filed with Respondent in which
Price asked to be released from jail on a personal recognizance bond.  We will
dismiss this proceeding for want of jurisdiction.

            According to Price’s application,[1]
he was arrested for burglary of a habitation on October 28, 2006 and was not
released on a personal recognizance bond after ninety days.  See Tex. Code Crim. Proc. Ann. art. 17.151,
§ 1(1) (Vernon Supp. 2006); Rowe v. State, 853 S.W.2d 581, 582 (Tex. Crim. App. 1993); Ex parte Avila, 201 S.W.3d 824, 826 (Tex. App.—Waco 2006, no
pet.).  Price was indicted on March 28, 2007.  He filed a habeas application
with Respondent on April 12, requesting release on a personal recognizance
bond.  Price contends that Respondent has not set the matter for hearing or
otherwise ruled on the merits of his application.  He asks this Court “to
please order the trial court to appoint a time to hear the Writ I filed to the
trial court or to rule on the appeal writ I filed to this court.”[2]

            This Court does not have original
habeas corpus jurisdiction in criminal law matters.  Queen v. State, 212
S.W.3d 619, 623 (Tex. App.—Austin 2006, no pet.); Watson v. State, 96
S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref’d); In re White, 45
S.W.3d 787, 789 (Tex. App.—Waco 2001, orig. proceeding).  

In a case where a judge refuses to issue the
requested writ of habeas corpus or denies an applicant the requested hearing on
the merits of his claim, an applicant’s remedies are limited.  Some remedies
available to an applicant in that situation are to present the application to
another district judge having jurisdiction, or under proper circumstances, to
pursue a writ of mandamus.

 

Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991) (footnotes omitted); Ex
parte Gonzales, 12 S.W.3d 913, 914-15 (Tex. App.—Austin 2000, pet. ref’d).

            Here, there is no indication that
Price has presented his habeas application to another district judge.  For
mandamus relief to be proper, Price must have no other adequate legal remedy
available to him.  See Aranda v. Dist. Clerk, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (per curiam).  Presentation to another district judge is an adequate
legal remedy available to Price.  Therefore, mandamus relief would be
inappropriate.

            Because we do not have original habeas
jurisdiction in criminal law matters and because Price has an adequate legal
remedy, we dismiss this proceeding for want of jurisdiction.

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Justice
Vance dissents from the judgment with a note)*

Application dismissed

Opinion delivered and
filed June 27, 2007

[OT06]








 

* 
(As I explained in In re Piper, 105 S.W.3d 107 (Tex. App.—Waco 2003,
orig. proceeding) (Vance, J., dissenting), Price has a right and the trial
judge has a duty to issue the writ.  See also Ex parte Williams, 200
S.W.3d 819 (Tex. App.—Beaumont 2006, orig. proceeding).









[1]
              Price filed a verified habeas
application with this Court.  We presume that the factual allegations are
accurate.  Cf. Tex. R. App. P. 52.3 (petition in original
proceeding “must be verified”).  Nevertheless, even assuming as we do that the
allegations are true, Price is not entitled to the relief sought.





[2]
              This request for relief is
actually contained in Price’s response to a notice letter sent by the Clerk of
this Court requiring Price to show that we have jurisdiction or otherwise show
grounds for continuing this proceeding.

 








889in; margin-left: 0.3in">THE COURT: I think he's got a cash deposit bond, if I'm not mistaken, but anyway ....
      Behee filed a petition for mandamus asking that Respondent be directed to vacate his order
terminating Silas as his court-appointed counsel. 
APPLICABLE LAW
      To be entitled to mandamus relief, Behee must establish that (1) he has no adequate remedy
at law, and (2) that he has a clear right to relief. Buntion v. Harmon, 827 S.W.2d 945, 947 (Tex.
Crim. App. 1992). 
      Behee cites several cases for the proposition that mandamus is proper when a judge has
improperly removed appointed counsel. See id.; Stearnes v. Clinton, 780 S.W.2d 216, 225 (Tex.
Crim. App. 1989); Stotts v. Wisser, 894 S.W.2d 366, 367 (Tex. Crim. App. 1995) (replacing
appointed trial counsel on appeal over objection). 
      Article 24.06 provides for the appointment of counsel for indigent defendants. Tex. Code
Crim. Proc. Ann. art. 26.04 (Vernon 1989). When the court determines a defendant is indigent,
the court “shall appoint” an attorney to defend him. Id. art. 26.04(a). An attorney so appointed
“shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are
exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel.” Id.
      In determining whether a defendant is indigent, the court may consider many factors. Id. art.
26.04(b). The court may not, however, deny appointment of counsel “solely because the
defendant has posted or is capable of posting bail.” Id. If there is a material change in the
defendant's circumstances after the indigency determination, the defendant, his counsel, or the
prosecutor may move for reconsideration of the determination. Id. art. 26.04(e).
      The statute allows Respondent to reconsider the determination of Behee's indigency upon a
motion that there has been a material change in his circumstances.


 Id. Here, however, there was
no hearing to reconsider that determination. The sole reason for Respondent's action that is
apparent in the record is that Behee had posted bond—a situation specifically prohibited under the
statute. Id. art. 26.04(b).
      Under these circumstances, Respondent acted outside his statutory authority and abused his
discretion in terminating the appointment of counsel. Thus, we conditionally grant the relief
sought. 
     Respondent is directed to vacate his order terminating appointment of counsel. Confident that
he will do so, the writ will issue only upon Respondent's failure to comply with this opinion. 
 PER CURIAM 
                                   
 
Before Chief Justice Davis, 
     Justice Vance, and 
     Justice Gray
Relief granted 
Opinion delivered and filed February 10, 1999 
Publish