In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00200-CR


______________________________





IN RE:


JARRARD MCGARY








 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Moseley and Cornelius*, JJ.

Memorandum Opinion by Chief Justice Morriss






______________________________________

*Chief Justice, Retired, Sitting by Assignment










MEMORANDUM OPINION



 Jarrard McGary was convicted of murder in 1997. Since 2001, McGary has, in various ways,
sought to obtain DNA testing to undermine his conviction. His latest motion, filed February 6, 2007,
in the Fifth Judicial District Court in Bowie County, seeks appointment of an expert and an order
for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. On
October 9, 2007, the trial court held a hearing on McGary's motion and requested post-hearing
briefing, which was dated December 19, 2007. Two times since then--March 24 and May 27,
2008--McGary's counsel reminded  the  trial  court  of  the  pending  motion  and  requested  its
 ruling.  Finally,  by  letter dated July 10, 2008, McGary's counsel asked the State to contact the trial
court and ask for a ruling on the motion. No ruling has been made.

 On October 8, 2008, McGary filed a petition for writ of mandamus asking us to order the trial
court to rule on his motion. We conditionally grant the petition.

 The State's response to McGary's petition was received October 29, 2008. In that response,
the State asserts that, because the affidavit required by Section 64.01 of the Texas Code of Criminal
Procedure was not attached to McGary's motion, the motion was not ripe for decision and that
McGary's motion will become moot November 14, 2008, by being ruled on at that time.

 To establish entitlement to mandamus relief, the relator must show that there is no adequate
remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial. 
Alvarez v. Eighth Court of Appeals, 977 S.W.2d 590, 592 (Tex. Crim. App. 1998) (orig. proceeding);
Stotts v. Wisser, 894 S.W.2d 366, 367 (Tex. Crim. App. 1995) (orig. proceeding). An act is
ministerial "where the law clearly spells out the duty to be performed . . . with such certainty that
nothing is left to the exercise of discretion or judgment." Tex. Dep't of Corrections v. Dalehite, 623
S.W.2d 420, 424 (Tex. Crim. App. 1981) (orig. proceeding).

 Within a reasonable amount of time, a trial court must consider and rule on a motion brought
to the court's attention. In re Bonds, 57 S.W.3d 456, 457 (Tex. App.--San Antonio 2001, orig.
proceeding). This includes rulings on motions for DNA testing and the appointment of counsel for
the purpose of pursuing DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. 
In re Cash, 99 S.W.3d 286, 288 (Tex. App.--Texarkana 2003, orig. proceeding); In re Dimas, 88
S.W.3d 349, 351 (Tex. App.--San Antonio 2002, orig. proceeding). McGary's motion has been
pending and ripe for a ruling for ten months, and counsel has twice urged the trial court to rule. That
delay is certainly beyond a reasonable time.

 While we have jurisdiction to direct the trial court to proceed and rule, we may not tell the
court what ruling it should make. See Crofts v. Court of Civil Appeals, 362 S.W.2d 101 (Tex. 1962)
(orig. proceeding); State ex rel. Hill v. Court of Appeals, Fifth Dist., 34 S.W.3d 924, 927 n.3 (Tex.
Crim. App. 2001) (orig. proceeding).




 We conditionally grant McGary's petition for writ of mandamus. The writ will issue only if
the trial court fails to rule on McGary's motion within twenty-one days from the date of this opinion.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 5, 2008

Date Decided: November 6, 2008


Do Not Publish



mb seeking the forfeiture of money confiscated
by police during Lipscomb's arrest. Lipscomb filed a motion for summary judgment in the forfeiture
case March 28, 2005, seeking to have the State's claim dismissed and all of Lipscomb's money
returned to him. Now, more than five months after Lipscomb filed his motion for summary
judgment, Lipscomb claims the trial court has breached its ministerial duty to make a timely ruling
on the motion for summary judgment. 
            Lipscomb did not provide this Court with a complete record of the underlying forfeiture
proceeding. Failure to bring forth an adequate record is a ground for denying the petition for writ
of mandamus. See, e.g., Conely v. Peck, 929 S.W.2d 630, 633 (Tex. App.—Austin 1996, orig.
proceeding) (denying mandamus relief because movant failed to bring forth adequate record;
appellate court assumed omitted portions of record supported trial court's judgment). However,
rather than overrule Lipscomb's petition for failure to bring forth an adequate record, we have, in the
interest of justice, directed the clerk's office of this Court to contact the clerk of the trial court and
to request that a supplemental clerk's record of the underlying forfeiture proceeding be prepared and
filed with this Court. This record has been filed. 
            The supplemental clerk's record shows that the trial court overruled Lipscomb's motion for
summary judgment March 29, 2005, the day after Lipscomb filed his motion. The supplemental
clerk's record also shows the parties entered into an agreed judgment September 9, 2005, which was
before Lipscomb filed his petition for writ of mandamus with this Court. Accordingly, the record
before us shows the trial court has already granted the relief sought and the case has been settled. 
We find Lipscomb's petition moot.
            For the reasons stated, we deny the petition for writ of mandamus.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          September 22, 2005
Date Decided:             September 23, 2005