TRIAL COURT NUMBER: 586939

IN THE
TEXAS COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 1 6 2015

Abel Acosta, Clerk

BIRSHAL MITCELL
RELATOR


VS.


337TH JUDICIAL DISTRICT COURT
HARRIS COUNTY, TEXAS
RESPONDENT

This document contains some
pages that are of poor quality
at the time of imaging.

PETITION FOR EXTRAORDINARY RELIEF
RE:


IDENTITIY OF PARTIES


BIRSHAL MITCHELL
TDCJ-CID #630503
WILLAIM G. McCONNELL UNIT
BEE COUNTY, BEEVILLE, TEXAS

337TH JUDICIAL DISTRICT COURT
HARRIS COUNTY, HOUSTON, TEXAS

REAL PARTY IN INTEREST

"EB" CLERK IN THE 337TH DISTRICT COURT
P.O. BOX 4651
HOUSTON, TEXAS   77210-4651

IN THE
TEXAS COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS


IN RE                                   §
                                        §
                                        §       NO: _____
BIRSHAL MITCHELL                        §
        Relator,                        §


## MOTION FOR LEAVE TO FILE


TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

    COMES NOW, BIRSHAL MITCHELL, Relator in the Above-Styled and Numbered Cause,

and Respectfully presents this, his "Motion For Leave To File"(his enclosed copy

of hiss"Petition For Extraordinary Relief") pursuant to Tex.R.App.Prod.Rule 72,

and "Requests" that this Honorable Court grant him permission to proceed with

the "Petition For Extraordinary Relief"

Submitted on this, 13 day of April, 2015.


                        Respectfully Submitted,




                        Birshal Mitchell, Relator Pro Se
                        TDCJ-CID #630503
                        William G. McConnell Unit
                        3001 South Emily Drive
                        Beeville, Texas   78102


Page 1 of 1

## INDENTIFICATION OF PARTIES

RESPONDENT
337TH JUDICAL DISTRICT COURT
HARRIS COUNTY, HOUSTON, TEXAS
PRESIDING JUDGE

RESPONDENT
"EB" CLERK IN THE 337TH DISTRICT COURT

RELATOR
BIRSHAL MITCHELL, TDCJ-CID #630503
CURRENTLY INCARCERATED IN THE
TEXAS DEPARTMENT OF CRIMINAL JUSTICE -
CORRECTIONS INSTITUTIONS DIVISION
WILLIAM G. McCONNELL UNIT, BEEVILLE, TEXAS

## TABLE OF CONTENTS

Identification of Parties _____ ii

Table of Contents _____ ii

Table of Authorities _____ ii

State of the Case _____ 1

Mandamus Relief Appropriate _____ 2

Mandamus Jurisdiction _____ 3

Ministerial Act/Clear Right to Relief Requirement _____ 3

Conclusion _____ 3

Prayer _____ 4

Verification _____ 4

## TABLE OF AUTHORITIES

In re Mata, 212 SW3d 597(Tex.App.-Austin 2006) _____ 2

In re Hewlett Parkard, 212 SW3d 356(Tex.App.-Austin 2006) _____ 3

Dickens v. Second Ct. App. 727 SW2d 542, 549 _____ 3

State ex rel Hill v. Ct. of App. 5th District, 34 SW3d 924, 927 _ 3

Stotts v. Wisser, 894 SW2d 366, 367 _____ 3

Runtion v. Harmon, 827 SW2d 945, 947 _____ 3

State ex rel Vance v. Routt, 571 SW2d 903, 907 _____ 3

# IN THE
## TEXAS COURT OF CRIMINAL APPEALS
### AUSTIN, TEXAS

IN RE                              §
                                   §
                                   §    NO:_____
BIRSHAL MITCHELL                   §
        Relator,                   §

## PETITION FOR EXTRAORDINARY RELIEF
### RE:

(1)  MANDAMUS RELIEF TO COMPEL THE TRIAL COURT TO PROPERLY HEAR AND
     RULE ON RELATOR'S MOTION/REQUEST FOR "NUNC PRO TUNC" and/or

(2)  AN INQUIRY INTO "WHY" THE COURT CLERK OF THE 337TH JUDICIAL
     DISTRICT COURT MADE THE FINAL DESPOSITION OF THE MATTER IN
     FRONT OF THE COURT.

TO THE HONORABLES JUSTICES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, BIRSHAL MITCHELL, Relator Pro Se, in the Above-Styled and

Numbered Cause, and Respectfully presents this, Relator's "PETITION FOR

EXTRAORDINARY RELIEF" seeking to institute an original proceeding in this

Honorable Court for an issuance of a "Writ Of Mandamus" and in support of

said Petition, Relator hopes to show the Court the following:

## STATEMENT OF THE CASE

Relator was arrested and convicted for the Offense of Aggravated Robbery

in 1991, and the 337th Judicial District Court Judge gave relator Ten (10)

years "Deferred Adjudiciated Probation," this probation lasted until Relator

failed to uphold his part of the probation by failing to report, and comply

by the rules established by the Court.

Relator was revoked, and given a Twenty (20) year sentence, and was remanded

to the Texas Department of Criminal Justice - Institutional Division, this

sentence began upon the Court revoking Relator's probationnin 1998, and TDC

received Relator in 1999, having served 421 days, (1 yr., 1mo., 26 days) in the county jail. Relator was in the custody of TDC for 4 years, 3 months and 18 days before being paroled on October 20th 2003, having completed a total of 5 years, 5 months and 14 days of the Twenty (20) year sentence.

On or about October 20th 2011, Relator was charged with another offense and Relator's parole was revoked. Relator had completed 8 years and 6 days on the street totals his Twenty (20) year sentence, combined with what he had completed flat, Relator had done 17 years, 9 months, and 25 days.

Relator has been denied his street time by TDC & the BPP due to their retroactive application of Government Code §§508.149(a) & 508.283, both of these Sections were "Enacted" on September 1st, 1997, the fact that Relator violated his probation in 1998, came to TDC in 1999, the original offense date was January 1991, so the law in effect at the time of the offense is in fact the law that governs the sentence.

Relator filed with the trial Court on March 3rd 2015 a Motion For Judgment Nunc Pro Tunc, hoping that the sentencing Court would order TDC & BPP to correct the sentence to reflect the 8 plus years that Relator did on the street under direct supervision of the Parole Commission.

On April 2nd 2015, the Motion sent to the Court was Denied, but it is clearly apparent that it wasn't the Court that denied it, but in fact the Clerk in the 337th Court itself, (See Attached Exhibit "A"). It appears from the Exhibit attached, that "EB" Clerk in the 337 District Court signed off on the document instead of the Judge of the Court.

## MANDAMUS RELIEF APPROPRIATE

Mandamus relief is available only if a trial court clearly abuses it's discretion, and Relator can show that he has no adequate remedy by appeal. In re MATA, 212 SW3d 597(Tex.App.-Austin 2006); In re LEWIN 149 SW3d 727(Tex.

App.-Austin 2004); In re HEWLETT PARKARD 212 SW3d 356(Tex.App.=Austin 2006).

In the instant case Relator shows by the attached exhibit that not only did the trial fail to sign off on, and enter an order of denial, the Court allowed the Court's Clerk to do it, thus making a Writ of Mandamus necessary to correct the defect of the Court's "non-action" in Relator's case.

## MANDAMUS JURISDICTION

Mandamus is an Extraordinary Writ and it's issuance isn't a matter of Law or Right, but rests in the sound discretion of the Court. DICKENS v. SECOND CT. OF APPEALS, 727 SW2d 542, 549. To be entitled to Mandamus Relief, Relator must conclusively establish two requirements; 1) There must be no other adequate remedy; and 2) Under the relevant facts and law, the act sought to be compelled is purely ministerial. See STATE ex rel. HILLv. CT. OF APPEALS FOR THE 5TH DISTRICT, 34 SW3d 924, 927; STOTTS v. WISSER, 894 SW2d 366, 367; RUNTION v. HARMON, 827 SW2d 945, 947; STATE ex rel. VANCE v. ROUTT, 571 SW2d 903, 907. Based upon legal requirements Relator will show.

## MINISTERIAL ACT/CLEAR RIGHT TO RELIEF REQUIREMENT

Relator submits that based on the attached Exhibit, Relator hopes that he is entitled to some relief by this Court. The relief sought herein is simply an order to the 337th Judicial District Court to review the Motion Relator has before it, and rule on it as Relator had sought in the first place, instead of the Court allowing it's in Court Clerk to sign off on, as the Exhibit clearly indicates.

## CONCLUSION

Relator has tried to present to this Court the facts of his case, and claim. All Relator is trying to seek is the proper procedure of the Court to hear a Motion, Rule on the Motion, and Enter an Order on the Motion, signed by the Presiding Judge. Relator relies solely on this Court for relief sought, and a correction of the "Clerk's" & "Court's" abuse of discretion.

## PRAYER

WHEREFORE, PREMISE CONSIDERED, Birshal Mitchell, Relator in the Above-Entitled and Numbered Cause, Respectfully Prays that this Honorable Court will "GRANT" such relief to which Relator might be entitled. So Moved and Prayed that this "Petition For Extraordinary Relief" be "GRANTED". Relator further Prays for such relief, General or Special at Law or Equity, which this Honorable Court might deem Just, Proper, and Equitable.

Executed on this, /3 day of April, 2015.

Respectfully Submitted,

Birshal Mitchell, Relator Pro Se
TDCJ-CID #630503
William G. McConnell Unit
3001 South Emily Drive
Beeville, Texas  78102

## VERIFICATION

I, Birshal Mitchell, TDCJ-CID #630503, being incarcerated at the William G. McConnell Unit, Bee County, Beeville, Texas, declare under penalty of perjury that I am the Relator in the above and foregoing document. I have read and understand said document, and the Factual allegations of same and find that they are True and Correct to the best of my knowledge.

Executed on this, /3 day od April, 2015.

Birshal Mitchell, Relator Pro Se
TDCJ-CID # 630503



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

Direct Dial Line:

BIRSHAL MITCHELL
TDC NO. 630503
MCCONNEL UNIT
3001S. EMILY DR.
BEEVILE TEXAS 78102

Memorandum response to correspondence received: <u>03/23/2015</u>

Re: Cause No(s) <u>586939</u>.

Dear <u>BIRSHAL MITCHELL</u>,

☒ Your motion/request <u>NUNC PRO TUNC</u> was filed with the District Clerk and on <u>337</u> the Court:

|  |  |  |
|---|---|---|
| ☐ Took no action | ☒ Denied your Motion/Request | ☐ Granted your motion/request |
| ☐ Took action | ☐ Advised attorney of record | ☐ Other |

☐ Other: _____

CHRIS DANIEL, District Clerk

By: EB
Clerk in the <u>337</u> District Court