WR-83,783-01,02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/25/2015 5:14:13 PM
Accepted 8/26/2015 8:19:13 AM
ABEL ACOSTA
CLERK

DOCKET NO. _____

IN THE
COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
8/26/2015
ABEL ACOSTA, CLERK

---

**IN RE:
THOMAS ALLEN SIMON,
Relator**

---

# PETITION FOR WRIT OF MANDAMUS AND FOR WRIT OF PROHIBITION

---

Trial Cause No. 42908
In the 424th Judicial District Court of Burnet County, Texas
Honorable Evan C. Stubbs, Presiding

---

Tracy D. Cluck
Texas Bar No. 00787254
12600 Hill Country Blvd., Ste. R-275
Austin, Texas 78738
Tel: (512) 329-2615
Fax: (512) 329-2604
tracy@tracyclucklawyer.com
Attorney for Relator,
Thomas Allen Simon

L. T. "Butch" Bradt
Texas Bar No. 02841600
14015 Southwest Frwy., Suite 4
Sugar Land, Texas 77478
Tel: (281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net
Attorney for Relator,
Thomas Allen Simon

1

# IDENTITIES OF PARTIES AND COUNSEL

**Relator:**   Thomas Allen Simon

## Counsel for Relator:

Tracy D. Cluck #00787254
12600 Hill Country Blvd., Suite R-275
Austin, Texas  78738
Tel:  (512) 329-2615
Fax: (512) 329-2604
tracy@tracyclucklawyer.com

L.T. "Butch" Bradt #02841600
14015 Southwest Freeway, Suite 4
Sugar Land, Texas 77478
Tel:  (281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net

## Respondent:

Honorable Evan C. Stubbs
424th Judicial District Court
Burnet County Annex North
1701 E. Polk Street, Ste. 74
Burnet, Texas  78611
Tel:  (512) 756-5438
Fax: (512) 756-8478
424distjudge@gmail.com

## Real Parties In Interest:

## State of Texas

Counsel for the State of Texas:

Honorable Wiley B. "Sonny" McAfee, District Attorney
Gary Bunyard, Ass't District Attorney
Burnet County Annex North
1701 E. Polk Street, Ste. 24
Burnet, Texas 78611
Tel: (512) 756-7609
Fax: (512) 756 8572
Wiley1450@yahoo.com
g.bunyard@co.llano.tx.us




Gary Prust
1607 Nueces Street
Austin, Texas 78701
Tel: (512) 469-0092
Fax: (512) 469-9102
gary@prustlaw.com

# TABLE OF CONTENTS

**Page**

IDENTITIES OF PARTIES AND COUNSEL..................................................2

TABLE OF CONTENTS.....................................................................4

TABLE OF AUTHORITIES................................................................6

STATEMENT OF THE CASE.............................................................8

STATEMENT OF JURISDICTION......................................................9

ISSUES PRESENTED.......................................................................9

ISSUE NO. ONE: Does the power of the trial court to appoint counsel to represent indigent defendants carry with it the concomitant power to remove counsel at the judge's discretionary whim, especially when that removal is accomplished without notice that comports with Due Process? If not, will mandamus issue to cause Respondent to set aside his order substituting Gary Prust as appointed counsel to represent Relator?.................................................................................9

ISSUE NO. TWO: When a defendant is seeking mandamus relief to set aside an order appointing new counsel, will a writ of prohibition issue to stay the proceedings in the trial court to thereby prevent interference with the jurisdiction of the Court of Appeals?..............................................................10

STATEMENT OF FACTS.................................................................10

SUMMARY OF THE ARGUMENT....................................................13

ARGUMENT AND AUTHORITY.......................................................13

ISSUE NO. ONE RESTATED: The power of the trial court to appoint counsel to represent indigent defendants does not carry with it the concomitant power to

4

remove counsel at the judge's discretionary whim, especially without proper notice. Mandamus should issue to cause the order removing counsel to be vacated...........................................................................................13

Entitlement to Writ of Mandamus.................................................................15

ISSUE NO. TWO RESTATED: A Writ of Prohibition should issue to prohibit Respondent from holding any hearings on the case until such time as the application for writ of mandamus shall have been determined.............................................................18

Entitlement to Writ of Prohibition...............................................................18

CONCLUSION & PRAYER.........................................................................20

CERTIFICATE OF SERVICE......................................................................21

CERTIFICATE OF WORD COUNT.............................................................22

TRAP RULE 52.7(a)(2) STATEMENT.........................................................22

APPENDIX..............................................................................................24

# TABLE OF AUTHORITIES

**State Cases**                                                      **Page**

*Ayers v. Canales,* 790 S.W.2d 554 (Tex. 1990)...........................16, 17

*Bowen v. Carnes,* 343 S.W.3d 805 (Tex.Crim.App. 2011)...................17

*Buntion v. Harmon,* 827 S.W.3d 945 (Tex.Crim.App. 1992)................17

*DeLeon v. Aguilar,* 127 S.W.3d 1 (Tex.Crim.App. 2004)
(orig. proceeding)...................................................19

*Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238
(Tex. 1985).....................................................16

*Garcia v. Peeples,* 734 S.W.2d 343 (Tex. 1987)...........................16, 17

*Huie v. DeSahzo,* 922 S.W.2d 920 (Tex. 1996)..........................16, 16

*Humble Oil Co. Inc. v. Walker,* 641 S.W.2d 941
(Tex.App.—Dallas 1982, orig. proceeding)...........................19

*In re Kuntz,* 124 S.W.3d 179 (Tex. 2003)....................................16

*In re State ex rel. Weeks,* 391 S.W.3d 117
(Tex.Crim.App. 2013) (orig. proceeding)..............................19

*Jampole v. Touchy,* 673 S.W.2d 569 (Tex. 1984)..........................16

*Mathews v. Eldridge,* 424 U.S. 319 (1976)...............................14, 15

*Padilla v. McDaniel,* 122 S.W.3d 805
(Tex.Crim.App. 2003) (orig. proceeding) (*per curiam*)..............15

*Simon v. Levario,* 306 S.W.3d 318 (Tex.Crim.App. 2009)
(orig. proceeding)..................................................19

*Stearns v. Clinton*, 780 S.W.2d 216 (Tex.Crim.App. 1989)............15, 17

*Stotts v. Wisser*, 894 S.W.2d 366 (Tex.Crim.App. 1995)..................17

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992)..............................16

*West v. Solito*, 563 S.W.2d 240 (Tex. 1978)..................................17

**State Statutes**

Art. V, §1, Texas Constitution.................................................9

Art. 1, §10, Texas Constitution.............................................9, 15

**U. S. Constitution**

Amend. V, U.S. Constitution................................................9, 15

Amend. VI, U.S. Constitution...............................................9, 15

Amend. XIV, U.S. Constitution...............................9, 14, 15, 20

TO THE HONORABLE COURT OF CRIMNAL APPEALS:

Relator, Thomas Allen Simon, shows:

## STATEMENT OF THE CASE

The underlying suit (Cause No. 42908 in the 424th Judicial District Court of Burnet County, Texas) is an indictment alleging two counts of aggravated sexual assault and one count of aggravated assault. On April 8, 2014, Tracy D. Cluck was appointed to represent Relator in his then un-indicted felony cases in Burnet County. Relator is incarcerated in the Burnet County Jail pending trial. This case is set for hearing on pre-trial motions on August 27, 2015 and for jury trial on September 14, 2015. Relator, by and through his attorney, Tracy D. Cluck, filed *ex parte* motions on July 31, 2015 seeking funds for a medical expert and additional funds for investigation services. Respondent set these matters for hearing on August 7, 2015 and sent notice to Tracy D. Cluck to appear. The hearing was held *ex parte* in a closed courtroom, with Relator present, and a record was made. Although Relator had not expressed any dissatisfaction with Cluck or even any desire to have Cluck removed from his case, Respondent *sua sponte* ordered that

8

Cluck be immediately removed as attorney for Relator. Later that day, Respondent signed an order substituting Gary Prust as attorney for Relator. The case is now set on the trial court's docket for pre-trial hearing and jury trial as set out above.

## STATEMENT OF JURISDICTION

This Petition is brought pursuant to, and this Court has jurisdiction of this Petition, pursuant to Article V, §1 of the Texas Constitution.

This Petition is also brought under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and under Art. 1, §10 of the Texas Constitution.

## ISSUES PRESENTED

**ISSUE NO. ONE:** Does the power of the trial court to appoint counsel to represent indigent defendants carry with it the concomitant power to remove counsel at the judge's discretionary whim, especially when that removal is accomplished without notice that comports with Due Process? If not, will

mandamus issue to cause Respondent to set aside his order substituting Gary Prust as appointed counsel to represent Relator?

**ISSUE NO. TWO:** When a defendant is seeking mandamus relief to set aside an order appointing new counsel, will a writ or prohibition issue to stay proceedings in the trial court to thereby prevent interference with the jurisdiction of the Court of Appeals?

## STATEMENT OF FACTS

Relator was indicted June 3, 2014 for two counts of aggravated sexual assault and one count of aggravated assault. A true copy of that indictment is attached in the Appendix hereto, marked as Exhibit 1, and incorporated by reference for all purposes. Relator denies the allegations of that indictment.

On April 8, 2014 Tracy D. Cluck was appointed to represent Relator with respect to his then un-indicted felony cases in Burnet County (subsequently indicted as Cause No. 42908 in the 424th District Court of Burnet County, Texas). A true and correct copy of the e-mail notice of appointment to counsel is attached

10

in the Appendix hereto, marked as Exhibit 2, and incorporated by reference for all purposes.

On July 31, 2015 Relator, by and through his attorney Tracy D. Cluck, filed *ex parte* motions seeking funds for a medical expert and additional funds for investigative services. On August 3, 2015 counsel received an email notice from the court notifying him that Respondent had set the motions for hearing on August 7, 2015. A true and correct copy of the e-mail notice of this hearing and the docket sheet is attached in the Appendix hereto, marked as Exhibit 3, and incorporated by reference for all purposes. There was no notice that the Respondent was even going to consider removing counsel from the case. *Id.*

On August 7, 2015 the court held an *ex parte* hearing in a closed courtroom with Relator present. A record of that hearing was made by the official court reporter for the 424th District Court, Jennifer M. Fest.

On August 7, 2015, at the ex parte hearing on Relator's *ex parte* motion, Respondent *sua sponte* removed Tracy D. Cluck as Relator's attorney. Later that day Respondent appointed Gary Prust to represent Relator. A true and correct

11

copy of that order is attached in the Appendix hereto, marked as Exhibit 4, and incorporated by reference for all purposes. Relator's case is set for hearing on pre-trial motions on August 27, 2015 at 9:00 a.m. and for jury trial on September 2015 at 8:30 a.m. A true and correct copy of the order setting these matters on the court's docket is attached in the Appendix hereto, marked as Exhibit 5, and incorporated by reference for all purposes.

Relator has not requested new counsel and, indeed, wishes for Tracy D. Cluck to continue to represent him. *See* Relator's Affidavit (Unsworn Declaration), which is attached in the Appendix hereto, marked as Exhibit 6, and incorporated by reference for all purposes.

Tracy D. Cluck did not request to be removed as attorney for Relator nor did he receive notice that the trial court would hear the issue of substitution of counsel at the hearing on Relator's ex parte motions held on August 7, 2015. *See* Declaration of Tracy D. Cluck, attached in the Appendix hereto, marked as Exhibit 7, and incorporated by reference for all purposes.

Relator sought mandamus relief from the Third Court of Appeals, which denied relief. *See* Appendix 9 and 10, attached hereto and incorporated by reference for all purposes. The instant application results.

## SUMMARY OF THE ARGUMENT

A trial judge acts without reference to guiding authority when he removes appointed counsel from representing an indigent defendant and appoints new counsel. Mandamus will issue to require the trial judge to set aside that order. Mandamus relief is available to address this abuse of discretion as Relator has no adequate remedy by appeal and is entitled to mandamus relief.

A writ of prohibition should issue to prohibit Respondent from taking any further action on the underlying case until this appellate proceeding is concluded.

## ARGUMENT AND AUTHORITY

**ISSUE NO. ONE RESTATED:** The power of the trial court to appoint counsel to represent indigent defendants does not carry with it the

concomitant power to remove counsel at the judge's discretionary whim, especially without proper notice. Mandamus should issue to cause the order removing counsel to be vacated.

Relator and his counsel received no notice that Respondent was going to consider removing counsel from the case. This violated Relator's Due Process rights because "The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Having no notice of Respondent's intention to remove counsel and forcing counsel to "shoot from the hip" does not comport with the requirements of Due Process.

As shown by his Declaration, Relator is not dissatisfied with his attorney and has not requested new counsel to be appointed. The notice that counsel received from the court does not indicate, in any fashion, that Respondent was going to consider, much less act on, removing Relator's counsel.

As no request for new counsel was made and since the notice of the hearing on Relator's *ex parte* motions does not indicate that Respondent would consider

14

removing counsel, it is clear that Respondent issued the order complained of *sua sponte* and in violation of Relator's Due Process rights. *Id.*

Relator's right to counsel implicates his rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution. It also implicates his rights under Art. 1, §10 of the Texas Constitution.

This Honorable Court has held "[T]hat the power of the trial court to appoint counsel to represent indigent defendants does not carry with it the concomitant power to remove counsel at his discretionary whim." *Stearns v. Clinton*, 780 S.W.2d 216, 223 (Tex.Crim.App. 1989). But that is what Respondent did.

**Entitlement to Writ of Mandamus**

This Court has mandamus jurisdiction in criminal-law matters. *Padilla v. McDaniel*, 122 S.W.3d 805, 807 (Tex.Crim.App. 2003)(orig. proceeding)(*per curiam*).

Mandamus is an extraordinary remedy. Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law. Mandamus relief is available if the trial court violates a duty imposed by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A writ of mandamus will issue to correct trial court actions when there has been a clear abuse of discretion, particularly where the remedy by appeal is inadequate. *In re Kuntz*, 124 S.W.3d 179, 180 (Tex. 2003); *Ayers v. Canales*, 790 S.W.2d 554, 556 (Tex. 1990); *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987); *West v. Solito*, 563 S.W.2d 240, 244 (Tex. 1978); *Walker*, 827 S.W.2d at 843; *Jampole v. Touchy*, 613 S.W.2d 569, 572 (Tex. 1984). A trial court abuses its discretion if it acts without reference to any guiding rules and principles or if the trial court's act is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). "A trial court has no discretion in determining what the law is or applying the law to the facts." *Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex. 1996)(citing *Walker*, 827 S.W.2d at 840). The "trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion." *Id.*

A writ of mandamus will issue to correct trial court actions when there has been a clear abuse of discretion, particularly where the remedy by appeal is

16

inadequate. *Ayers v. Canales*, 790 S.W.2d at 556; *Garcia v. Peeples*, 734 S.W.2d at 345; *West v. Solito*, 563 S.W.2d at 244.

The Court of Criminal Appeals has held "[t]hat the power of the trial court to appoint counsel to represent indigent defendants does not carry with it the concomitant power to remove counsel at his discretionary whim." *Stearns v. Clinton*, 780 S.W.2d 216, 223 (Tex.Crim.App. 1989). A trial court cannot remove appointed counsel merely because he wants a different attorney to handle the case based on his personal feelings and preferences and mandamus is the appropriate remedy. *Id.*; *Buntion v. Harmon*, 827 S.W.2d 945 (Tex.Crim.App. 1992); *Stotts v. Wisser*, 894 S.W.2d 366 (Tex.Crim.App. 1995); *see Bowen v. Carnes*, 843 S.W.3d 805 (Tex.Crim.App. 2011). But that is exactly what the Respondent has done in the case at bar. He has violated the law as laid down by this Court in *Stearns v. Clinton*. 780 S.W.2d 216. And in so doing, he has acted directly in contravention of controlling precedent to interfere with the attorney-client relationship between Relator and Tracy D. Cluck. Mandamus should issue to set aside Respondent's order substituting Gary Prust for Tracy D. Cluck as Relator's attorney.

17

**ISSUE NO. TWO RESTATED:** A Writ of Prohibition should issue to prohibit Respondent from holding any hearings on the case until such time as the application for writ of mandamus shall have been determined.

Respondent has set the case on the trial court's docket on August 27, 2015 for hearing on Relator's pre-trial motions and on September 14, 2015 for jury trial. As it stands, Tracy D. Cluck has been removed as Relator's attorney and has no right to represent Relator at the pre-trial hearing or jury trial. Relator does not know whether this Court can rule on this application before this hearing and/or the jury trial occur.

**Entitlement to Writ of Prohibition**

The writ of prohibition is an extraordinary judicial writ that may be issued by a Court of Appeals, as a court of superior jurisdiction, directed to a court of inferior jurisdiction. Its purpose may be to prevent an inferior tribunal from exercising a jurisdiction that it has no lawful right to exercise. The writ of prohibition as used in Texas has three principal functions: (1) preventing interference with the higher courts in deciding a pending appeal; (2) preventing an

18

inferior court from entertaining suits which will re-litigate controversies which have already been settled by the issuing court; and (3) prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. *Humble Oil Co. Inc. v. Walker*, 641 S.W.2d 941, 943 (Tex.App.—Dallas 1982, orig. proceeding).

Mandamus and prohibition are available in a criminal proceeding if the relator shows that: (1) the act he seeks to compel or prohibit does not involve a discretionary or judicial decision; and (2) he has no adequate remedy at law to redress the harm that he alleges will ensue. *Simon v. Levario*, 306 S.W.3d 318 (Tex.Crim.App. 2009)(orig. proceeding); *see also In re State ex rel. Weeks*, 391 S.W.3d 117, 122-23 (Tex.Crim.App. 2013)(orig. proceeding); *Deleon v. Aguilar*, 127 S.W.3d 1, 5 (Tex.Crim.App. 2004)(orig. procededing). The first prong requires the relator to show that he has a clear right to the relief sought, meaning that the facts and circumstances dictate only one rational decision under unequivocal, well-settled, and clearly controlling legal principles. *Simon*, 306 S.W.3d at 320. When a relator seeks extraordinary relief that amounts to the undoing of an accomplished judicial act, that relief is more in the nature of mandamus than prohibition. *Id.* at 320, n. 2.

Any attempt by Respondent to force the underlying case to hearings or to trial will interfere with this Court's jurisdiction and will deprive Relator of the right to have the impropriety of the challenged order removing Tracy D. Cluck as his attorney determined before he is subjected to hearings or trial hereunder.

A writ of prohibition should issue to prevent the Respondent from taking any action to proceed to hold hearings or to proceed to trial on the indictment against respondent.

## CONCLUSION & PRAYER

This Court should hold that Respondent abused his discretion when he removed Tracy D. Cluck as Relator's attorney, *sua sponte* and without notice that comported with the requirements of Due Process. This Court should further hold that a writ of prohibition is necessary to prevent the Respondent from holding hearings or from proceeding to trial on the indictment against Relator. This Court should thereafter issue its writs of mandamus and prohibition in conformity with

20

the allegations of this Petition and the Court's findings. This Court should grant

Relator general relief.

Respectfully submitted,

TRACY D. CLUCK
Tex. Bar No. 00787254
12600 Hill Country Blvd., Ste. R-275
Austin, Texas 78738
Tel: (512) 329-2615
Fax: (512) 329-2604
tracy@tracyclucklawyer.com

L. T. "Butch" Bradt
14015 Southwest Freeway, Suite 4
Sugar Land, Texas 77478
Tel: (281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net

ATTORNEYS FOR RELATOR
THOMAS ALLEN SIMON

## CERTIFICATE OF SERVICE

I, the undersigned attorney, in accordance with Rule 9.5, Tex.R.App.P., certify that a true and correct copy of the foregoing Petition was delivered on August 25, 2015, by e-mail, to:

Honorable Evan Stubbs
424th Judicial District Court

21

1701 E. Polk St., Ste. 74
Burnet, Texas 78611
424distjudge@gmail.com

Hon. Wiley B. "Sonny" McAfee
33rd & 424th Judicial District Attorney
Gary Bunyard, Asst. Dist. Atty.
1701 E. Polk St., Ste. 24
Burnet, Texas 78611
Wiley1450@yahoo.com
g.bunyard@co.llano.tx.us

Gary Prust
1607 Nueces St.
Austin, Texas 78701
gary@prustlaw.com

TRACY D. CLUCK

## CERTIFICATE OF WORD COUNT

I certify that the pertinent portion of this Petition for Writ of Mandamus and Writ of Prohibition is comprised of approximately 3481 words.

TRACY D. CLUCK

## TRAP RULE 52.7(a)(2) STATEMENT

A record of testimony was made of the *ex parte* hearing on Relator's *ex parte* motions by the official court reporter for the 424th District Court of Burnet County, Texas, Jennifer M. Fest, 208 Elm Lodge Dr., Kingsland, TX 78639, (512) 715-4238, 424reporter@dcourttexas.org. No exhibits were field at this hearing. However, this hearing contains testimony and discussion relevant to this original proceeding. Relator, by and through his attorney, Tracy D. Cluck, has requested the record of this hearing. A true and correct copy of the e-mail requesting the

22

record is attached in the Appendix hereto, marked as exhibit 8, and incorporated by reference for all purposes. This was a closed, *ex parte* hearing where confidential matters regarding Relators case were discussed with the court. No members of the general public or representative of the State were present or allowed to be present during this confidential hearing. This petition, once filed, is a public record, which must be served on the prosecuting attorney in Relator's criminal case. As such counsel is not able to attach the record from the hearing as required by Texas Rules of Appellate Procedure 52.7(a)(2) without breaching his ethical duty of confidentiality to Relator. Relator requests that the Court of Criminal Appeals order the court reporter to forthwith file a sealed record of the hearing held on August 7, 2015 with Court of Criminal Appeals in order to preserve lawyer/client privilege and the constitutional rights of Relator to due process.

TRACY D. CLUCK

# APPENDIX

NO: 42908    THE STATE OF TEXAS    VS.    THOMAS ALLEN SIMON

**COUNT I**
INDICTMENT:             SEXUAL ASSAULT
PENAL CODE:             22.011(a)(1)
DEGREE OF FELONY:       SECOND DEGREE FELONY
OFFENSE CODE:           11990001
BOND:                   100,000.00

**COUNT II**
INDICTMENT:             SEXUAL ASSAULT
PENAL CODE:             22.011(a)(1)
DEGREE OF FELONY:       SECOND DEGREE FELONY
OFFENSE CODE:           11990001
BOND:                   100,000.00

**COUNT III**
INDICTMENT:             AGG ASSAULT W/DEADLY WEAPON
PENAL CODE:             22.02(a)(2)
DEGREE OF FELONY:       SECOND DEGREE FELONY
OFFENSE CODE:           13150005
BOND:                   $100,000

CONTROL # DA-14-00599    TRN#9192634370  D001; D002; A001

IN THE 424th JUDICIAL DISTRICT COURT OF BURNET COUNTY, TEXAS

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Burnet, State of Texas, duly organized, impaneled and sworn as such at the January term, A.D. 2014, of the 424th Judicial District Court for said County, upon their oaths present in and to said court at said term that, THOMAS ALLEN SIMON, hereinafter referred to as Defendant, on or about the 1st day of September, 2012 and before the presentment of this indictment, in the County of Burnet, and the State of Texas, did then and there intentionally or knowingly cause the

CASIE WALKER DISTRICT CLERK
FILED
JUN - 3 2014
3:24
AM
BURNET COUNTY, TEXAS

Exhibit ___1___

penetration of the sexual organ of Rebecca Schaller by the Defendant's sexual organ, without the consent of Rebecca Schaller.

## COUNT II

AND IT IS FURTHER PRESENTED in and to said Court at said term, that on or about the 1st day of September, 2012, and before the presentment of this indictment, in the County of Burnet, and the State of Texas, the Defendant did then and there intentionally or knowingly cause the penetration of the anus of Rebecca Schaller by the Defendant's sexual organ, without the consent of Rebecca Schaller.

## COUNT III

AND IT IS FURTHER PRESENTED in and to said Court at said term, that on or about the 25th day of January, 2014, and before the presentment of this indictment, in the County of Burnet, and the State of Texas, the Defendant did then and there intentionally, knowingly, and recklessly cause bodily injury to Rebecca Schaller by striking her with his hand, and the Defendant did then and there use a deadly weapon, to-wit: the Defendant's hand, during the commission of said assault.

AGAINST THE PEACE AND DIGNITY OF THE STATE

_____
FOREPERSON OF THE GRAND JURY

Roxanne Nelson <magistrate@burnetcountytexas.org>          April 8, 2014  8:56 AM
To: "'Tim Cowart'" <jtcowart@timcowartlawoffice.com>, "'Tracy Cluck'"
<tracy@tracyclucklawyer.com>
RE: Thomas Simon


Mr. Cluck:

Consider this notice that you have been substituted on Mr. Simon's felony case(s).


**From:** Tim Cowart [mailto:jtcowart@timcowartlawoffice.com]
**Sent:** Monday, April 07, 2014 10:40 PM
**To:** Tracy Cluck
**Cc:** Roxanne Nelson
**Subject:** Re: Thomas Simon

Judge Nelson,

Please consider this as a request to substitute Tracy Cluck as appointed counsel for Mr. Simon's felony case(s).

As you may see from the quoted email correspondence, Mr. Cluck is familiar with Mr. Simon's situation, having been his lawyer on misdemeanor charges since last year.

Thank you for your courtesies and attention.

Sincerely,

Tim Cowart
Attorney at Law

Reply Email:
jtcowart@timcowartlawoffice.com

Llano:
(325) 247-5486
Marble Falls:
(830) 798-1063
Facsimile: (866) 418-4160

URL:
http://www.timcowartlawoffice.com

CONFIDENTIALITY NOTICE:


The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please

**Exhibit** 2

Dear Mr. Cluck:

Judge Stubbs wants a hearing on your motion for additional funds. I will not put on the docket what the hearing is for since it is ex-parte but the hearing will be set for August 7 at 9:00 a.m.

Best Regards,

Jennifer Bunting
424th Judicial District Court Coordinator
1701 E. Polk
Burnet, TX 78611
512-756-5438 telephone
512-756-8478 facsimile

Honorable Judge Evan Stubbs Presiding

**Exhibit 3**

In The 33rd/424th Judicial District Court of Burnet County
State of Texas
Honorable Evan Stubbs
Criminal Docket
Friday, August 07, 2015 at 9:00 AM

8/4/2015 10:46 AM

Page | 5

## 12) 43758 - Status Hearing at 9:00 AM
### SANDERS, TIMOTHY LARS

Davis, Richard
512-756-5117

Warrant Status: Served

Court Appointed
03/26/2015

Degree: Offense:
(F2)MAN DEL CS PG 1A >=20<80AU

IN JAIL 70

Bond Information:
$35,000.00   2015-001 PATS BAIL BONDS

| | | |
|---|---|---|
| Continuances: 0 | 30 Days 01/20/2015 - 02/18/2015 | |
| Last Court Date: 07/28/2015 | | |
| Related Cases: | | |
| Memo: | Assessed Fees: | Projected Crt Costs: |
| Future Hearing Date: 08/27/2015; 09/14/2015 | | |
| Age of Case: 182 | $0.00 | $284.00 |
| Indictment Date: 02/03/2015 | | |
| | TOTAL: | $284.00 |

## 13) 42908 - Status Hearing at 9:00 AM
### SIMON, THOMAS ALLEN

Cluck, Tracy D.
512-329-2615

Warrant Status: Served

Court Appointed
06/06/2014

Degree: Offense:
(F2)SEXUAL ASSAULT
(F2)SEXUAL ASSAULT
(F2)AGG ASSAULT W/DEADLY WEAPON

IN JAIL 511

421 Days as of 08-04-2015 06/10/2014 - ; 421 Days as of 08-04-2015 06/10/2014 - ; 511 Days as of 08-04-2015

| | | |
|---|---|---|
| Continuances: 0 | 03/12/2014 - | |
| Last Court Date: 06/10/2015 | | |
| Related Cases: | | |
| Memo: | Assessed Fees: | Projected Crt Costs: |
| Future Hearing Date: 08/27/2015; 09/14/2015 | | |
| Age of Case: 427 | $50.00 | $474.00 |
| Indictment Date: 06/03/2014 | | |
| | TOTAL: | $524.00 |

## 14) 44179 - Status Hearing at 9:00 AM
### TAYLOR, CALVIN ERNEST JR.

Def, Pub
512-234-3061

Warrant Status:

Court Appointed
02/13/2015

Degree: Offense:
(F1)MAN DEL CS PG 1 >=4G<200G

IN JAIL 174

| | | |
|---|---|---|
| Continuances: 3 | 174 Days as of 08-04-2015 02/12/2015 - | |
| Last Court Date: 07/20/2015 | | |
| Related Cases: | | |
| Memo: | Assessed Fees: | Projected Crt Costs: |
| Future Hearing Date: | | |
| Age of Case: 63 | $0.00 | $284.00 |
| Indictment Date: 06/02/2015 | | |
| | TOTAL: | $284.00 |

(Rev. 12/01)                    CAUSE NO. 42908

THE STATE OF TEXAS                          §                    IN THE DISTRICT COURT OF
v.                                          §
                                            §                    BURNET COUNTY, TEXAS
THOMAS ALLEN SIMON                          §

### ORDER ON DEFENDANT'S APPLICATION FOR APPOINTMENT OF ATTORNEY

After considering the application for appointment of attorney filed by the Defendant in the above entitled and numbered cause, and the evidence in support thereof and in opposition thereto, the Court finds that:

☐ Defendant   ☐ is   **X is not**   ☐ is not fully  financially able to employ an attorney and that Defendant's application for appointment should be **X GRANTED**   ☐ **DENIED.**

☐ Defendant has not properly completed the Application and the same is hereby **DENIED** based on:

    ☐ Inadequate attempts to hire attorney when apparently able.

    ☐ Inadequate attempts to borrow money. ☐ See highlighted areas.

    ☐ Has assets capable of obtaining loan – must submit at least two loan rejections.

    ☐ Financial information is not credible – hearing is required before the judge.

    ☐ Other: _____

It is accordingly **ORDERED** that:

**X**    ☐ Public Defender's Office **OR  X GARY PRUST, Substituting for Tracy Cluck** be and is hereby appointed to represent said Defendant.

    ☐ The Court finds that Defendant is **able to pay** $_____ toward attorney fees and is hereby **ORDERED**

to deposit such sum in the Attorney's Trust Account on or before ☐ _____ days from this date,

**or**

    ☐ at the rate of $_____ per (wk)(mo)(ea. Paycheck) until such sum is accumulated. **Attorney shall immediately inform the Court if any payment is missed.** If presently in jail, defendant is **ORDERED** to begin such payments beginning one week after release on bond.

☐    Defendant employ an attorney for this proceeding and appear, with counsel, before this Court in

_____ County, Texas, on _____, 19_____, at _____

o'clock _____.m. for the purpose of

☐ Review of Application for Ct. appt'd Attorney ☐ Arraignment, ☐ Appearance of counsel,

☐ Status Hearing ☐ Other: _____,

and, if failing to hire counsel, Defendant shall show cause for the failure to do so and may be held in contempt.

Signed on August 7, 2015.

_____
Judge Presiding

☑ (if checked) Following receipt is required.

I hereby acknowledge receipt of a copy of this ORDER on *aug 9* _____, 20 *15*

_____
Defendant

CC: District Attorney
    Tracy Cluck
    Gary Prust (Prior Attorney-Client Relationship)
    Thomas Allen Simon

**Exhibit** 4

Cause No. 42908
SEXUAL ASSAULT; SEXUAL ASSAULT; AGG ASSAULT W/DEADLY WEAPON

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 424TH DISTRICT COURT |
| v. | § | OF |
| THOMAS ALLEN SIMON | § | BURNET COUNTY, TEXAS |

## NOTICE OF SETTING OR RESETTING

The above entitled and numbered cause is hereby set/reset for the following date (s) and purpose (s). All times are 9:00 a.m. unless noted to the contrary.

| | | |
|---|---|---|
| 28.01 Hearing | August 27, 2015 | 9:00 AM |
| Plea Deadline Docket | August 27, 2015 | 9:00 AM |
| Jury Trial | September 14, 2015 | 8:30 AM |

GENERATED this 10th day of June, 2015

IN CRIMINAL CASES, FAILURE OF A DEFENDANT TO APPEAR FOR ANY SETTING ABOVE MAY RESULT IN FORFEITURE OF BOND AND ISSUANCE OF CAPIAS FOR ARREST. IN ALL CASES, FAILURE OF AN ATTORNEY TO APPEAR MAY RESULT IN APPROPRIATE SANCTIONS BEING IMPOSED UPON THE ATTORNEY.

Original to the Court File. Copies of this notice have been sent to:

District Attorney
P.O. Box 725
Llano, TX 78643

TRACY D. CLUCK

**Exhibit 5**

## Affidavit of Thomas Simon

1.     My name is Thomas Simon. I am the Defendant in Cause No. 42908 in the 424th Judicial District of Burnet County, Texas.

2.     It is my desire that Tracy D. Cluck remain as my court appointed attorney in my criminal case.

Affiant further sayeth not.

_____
Thomas Simon

My name is Thomas Simon. My date of birth is _3-22-83_, and my inmate identification number is 26546. I am presently incarcerated in the Burnet County Jail in Burnet, Burnet County, Texas 78611. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the _7_ day of August, 2015.

_____
Thomas Simon

**Exhibit** 6

# UNSWORN DECLARATION OF TRACY D. CLUCK

Under 28 U.S.C. §1746 and Texas Civil Practices & Remedies Code §132.001 *et seq.*, I declare under penalties of perjury that my name is Tracy D. Cluck. I am over the age of 18 years and competent to make this declaration. My date of birth is October 4, 1961. My address is 12600 Hill Country Blvd., Ste. R-275, Austin, Texas 78738. This document is not a lien required to be filed with a county clerk, an instrument concerning real or personal property required to be filed with a county clerk, or an oath of office or an oath required to be taken before a specified official other than a notary public. I have not been forced to sign this declaration. I declare under penalties of perjury that all assertions provided in this document are correct and true.

The documents attached to the Petition for Writ of Mandamus and Writ of Prohibition are true and correct copies of the original documents, which are found among the papers of Cause No. 42908 in the Office of the District Clerk of Burnet County, Texas or from my files. I did not request to be removed as attorney for Thomas Allen Simon. I did not receive notice that the trial court would hear the issue of substitution of counsel at the hearing on Relator's *ex parte* motions held on August 7, 2015. Thomas Allen Simon did not ask that I be removed as his attorney prior to, during or after that hearing. The hearing was *ex parte*, in a closed courtroom, with only me, Relator (who was and is in the custody of the Burnet County Sheriff), Respondent, a Deputy Sheriff, a representative of the District Clerk's Office, and the official court reporter for the 424th Judicial District Court of Burnet County, Jennifer M. Fest (who made a record of the hearing). At that hearing the trial court *sua sponte* removed me immediately as Relator's attorney over my objection and did not rule on Relator's *ex parte* motions.

Signed on August 9, 2015.

TRACY D. CLUCK

**Exhibit** 7


Hi Ms. Hoffman,

I would like to obtain a transcript of the ex part hearing in *State of Texas v. Thomas Simon*, Cause No. 42908, In The 424th District Court of Burnet County, held this morning, 8/7/2015, in Burnet County, Texas.

Please let me know the cost for this and I will pay you for the record of this hearing.  You can provide this to me in electronic form.

Also, please preserve all of your records of this hearing, including but not limited to, tape recordings, electronic files, and stenograph tapes.

Thank you for your prompt attention to this matter.

With kindest regards,

Tracy D. Cluck

(512) 329-2615 Austin/Bee Cave
(512) 264-9997 San Antonio/Hill Country
www.tracyclucklawyer.com



**Exhibit** 8

03-15-00500-
64194
THIRD COURT OF APPEA
AUSTIN. TEX
8/10/2015 10:31:31 /
JEFFREY D. KY
CLE

03-15-00500-CV

DOCKET NO. _____

### IN THE
### COURT OF APPEALS
### FOR THE THIRD DISTRICT
### AUSTIN, TEXAS

---

## IN RE:
## THOMAS ALLEN SIMON
## Relator

---

## PETITION FOR WRIT OF MANDAMUS AND
## FOR WRIT OF PROHIBITION

---

Trial Court Cause No. 42908
In The 424th Judicial District of Burnet County, Texas
Honorable Evan Stubbs, Presiding

---

Tracy D. Cluck
Texas Bar No. 00787254
12600 Hill Country Blvd., Ste. R-275
Austin, Texas 78738
Tel: (512) 329-2615
Fax: (512) 329-2604
tracy@tracyclucklawyer.com
Attorney for Relator
Thomas Allen Simon

L. T. "Butch" Bradt
Texas Bar No. 02841600
14015 Southwest Frwy., Suite 4
Sugar Land, Texas 77478
Tel: (281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net
Of Counsel to Relator

**Exhibit** 9

# IDENTITIES OF PARTIES AND COUNSEL

**Relator:**     Thomas Allen Simon

**Counsel for Relator:**

Tracy D. Cluck
Tex. Bar No. 00787254
12600 Hill Country Blvd., Ste. R-275
Austin, Texas  78738
Tel:  (512) 329-2615
Fax: (512) 329-2604
tracy@tracyclucklawyer.com

L. T. "Butch" Bradt
Tex. Bar No. 02841600
14015 Southwest Freeway, Suite 4
Sugar Land, Texas  77478-3500
Tel:  (281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net

**Respondent:**

Honorable Evan Stubbs
424th Judicial District Court
Burnet County Courthouse Annex North
1701 E. Polk Street, Ste. 74
Burnet, Texas  78611
Tel: (512) 756-5438
Fax: (512) 756-8478
424distjudge@gmail.com

**Real Parties In Interest**

**State of Texas**

Counsel for the State of Texas:

Hon. Wiley B. "Sonny" McAfee
33rd & 424th Judicial District Attorney
Burnet County Courthouse Annex North
1701 E. Polk Street, Ste. 24
Tel: (512) 756-7609
Fax: (512) 756-8572
wiley1450@yahoo.com


Gary Prust
1607 Nueces St.
Austin, Texas 78701
Tel: (512) 469-0092
Fax: (512) 469-9102
gary@prustlaw.com

3

# TABLE OF CONTENTS

**Page**

IDENTITIES OF PARTIES AND COUNSEL............................2

TABLE OF CONTENTS.................................................4

TABLE OF AUTHORITIES.............................................6

STATEMENT OF THE CASE...........................................8

STATEMENT OF JURISDICTION......................................9

ISSUES PRESENTED...................................................9

    ISSUE NO. ONE: Does the power of the trial court to appoint counsel to represent indigent defendants carry with it the concomitant power to remove counsel at the judge's discretionary whim? If not, will mandamus issue to cause Respondent to set aside his order substituting Gary Prust as appointed counsel to represent Relator?...9

    ISSUE NO. TWO: When a defendant is seeking mandamus relief to set aside an order appointing new counsel, will a writ of prohibition issue to stay the proceedings in the trial court to thereby prevent interference with the jurisdiction of the Court of Appeals?................10

STATEMENT OF FACTS..............................................10

SUMMARY OF THE ARGUMENT.....................................12

ARGUMENT AND AUTHORITY.......................................13

    ISSUE NO. ONE RESTATED: The power of the trial court to appoint counsel to represent indigent defendants does not carry with it the concomitant power to remove counsel at the judge's discretionary whim and mandamus should issue to cause the order removing counsel to be vacated.......................................13

    Entitlement to Writ of Mandamus......................................14

ISSUE NO. TWO RESTATED:     A Writ of Prohibition should issue to prohibit Respondent from holding any hearings on the case until such time as the application for writ of mandamus shall have been determined...................................................................16

Entitlement to Writ of Prohibition......................................17

CONCLUSION & PRAYER.....................................................19

CERTIFICATE OF SERVICE..................................................20

CERTIFICATE OF WORD COUNT...........................................21

TRAP RULE 52.7(a)(2) STATEMENT......................................21

APPENDIX.......................................................................22

# TABLE OF AUTHORITIES

**State Cases**                                                              **Page**

*Ayers v. Candles,* 790 S.W.2d 554 (Tex. 1990)...........................14, 15

*Bowen v. Carnes,* 343 S.W.3d 805 (Tex.Crim.App. 2011)...................16

*Buntion v. Harmon,* 827 S.W.3d 945 (Tex.Crim.App. 1992)................16

*DeLeon v. Aguilar,* 127 S.W.3d 1 (Tex.Crim.App. 2004)
(orig. proceeding)...................................................................18

*Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238
(Tex. 1985).............................................................................15

*Garcia v. Peeples,* 734 S.W.2d 343 (Tex. 1987)............................15

*Huie v. DeSahzo,* 922 S.W.2d 920 (Tex. 1996)...............................15

*Humble Oil Co. Inc. v. Walker,* 641 S.W.2d 941
(Tex.App.—Dallas 1982, orig. proceeding)...........................17

*In re Kuntz,* 124 S.W.3d 179 (Tex. 2003)......................................14

*In re State ex rel. Weeks,* 391 S.W.3d 117
(Tex.Crim.App. 2013) (orig. proceeding).............................18

*Jampole v. Touchy,* 673 S.W.2d 569 (Tex. 1984)...........................15

*Padilla v. McDaniel,* 122 S.W.3d 805
(Tex.Crim.App. 2003) (orig. proceeding) *(per curiam)*.............14

*Simon v. Levario,* 306 S.W.3d 318 (Tex.Crim.App. 2009)
(orig. proceeding)...................................................................18

*Stearns v. Clinton,* 780 S.W.2d 216 (Tex.Crim.App. 1989).............15, 16

*Stotts v. Wisser,* 894 S.W.2d 366 (Tex.Crim.App. 1995)..................16

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992)....................14, 15

*West v. Solito*, 563 S.W.2d 240 (Tex. 1978)..............................15

## State Statutes

Art. 1, §10, Texas Constitution.......................................9, 14

§22.221(a) and (b), Texas Government Code......................9, 14

## U. S. Constitution

Amend. V, U.S. Constitution...........................................9, 14

Amend. VI, U.S. Constitution..........................................9, 14

Amend. XIV, U.S. Constitution.......................................9, 14

TO THE HONORABLE COURT OF APPEALS:

Relator, Thomas Allen Simon, shows:

## STATEMENT OF THE CASE

The underlying suit (Cause No. 42908 in the 424th Judicial District Court of Burnet County, Texas) is an indictment alleging two counts of aggravated sexual assault and one count of aggravated assault. On April 8, 2014, Tracy D. Cluck was appointed to represent Relator in his then un-indicted felony cases in Burnet County. Relator is incarcerated in the Burnet County Jail pending trial. This case is set for hearing on pre-trial motions on August 27, 2015 and for jury trial on September 14, 2015. Relator, by and through his attorney, Tracy D. Cluck, filed *ex parte* motions on July 31, 2015 seeking funds for a medical expert and additional funds for investigation services. The trial court set these matters for hearing on August 7, 2015 and sent notice to Tracy D. Cluck to appear. The hearing was held *ex parte* in a closed courtroom, with Relator present, and a record was made. Although Relator had not expressed any dissatisfaction with Cluck or even any desire to have Cluck removed from his case, Respondent

8

*sua sponte* ordered that Cluck be immediately removed as attorney for Relator. Later that day, Respondent signed an order substituting Gary Prust as attorney for Relator. The case is now set on the trial court's docket for pre-trial hearing and jury trial as set out above.

## STATEMENT OF JURISDICTION

This Court has jurisdiction of this Petition under §22.221(a) and (b) of the Texas Government Code. This Petition is also brought under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and under Art. 1, §10 of the Texas Constitution.

## ISSUES PRESETNED

**ISSUE NO. ONE:** Does the power of the trial court to appoint counsel to represent indigent defendants carry with it the concomitant power to remove counsel at the judge's discretionary whim? If not, will mandamus issue to cause Respondent to set aside his order substituting Gary Prust as appointed counsel to represent Relator?

**ISSUE NO. TWO:** When a defendant is seeking mandamus relief to set aside an order appointing new counsel, will a writ or prohibition issue to stay proceedings in the trial court to thereby prevent interference with the jurisdiction of the Court of Appeals?

## STATEMENT OF FACTS

Relator was indicted June 3, 2014 for two counts of aggravated sexual assault and one count of aggravated assault. A true copy of that indictment is attached in the Appendix hereto, marked as Exhibit 1, and incorporated by reference for all purposes. Relator denies the allegations of that indictment.

On April 8, 2014 Tracy D. Cluck was appointed to represent Relator with respect to his then un-indicted felony cases in Burnet County (subsequently indicted as Cause No. 42908 in the 424th District Court of Burnet County, Texas). A true and correct copy of the e-mail notice of appointment to counsel is attached in the Appendix hereto, marked as Exhibit 2, and incorporated by reference for all purposes.

10

On July 31, 2015 Relator, by and through his attorney Tracy D. Cluck, filed *ex parte* motions seeking funds for a medical expert and additional funds for investigative services. On August 3, 2015 counsel received an email notice from the court notifying him that Respondent had set the matter for hearing on August 7, 2015. On August 7, 2015 the court held an *ex parte* hearing in a closed courtroom with Relator present. A record of that hearing was made by the official court reporter for the 424th District Court, Jennifer M. Fest. A true and correct copy of the notice of the e-mail notice of this hearing and the docket sheet is attached in the Appendix hereto, marked as Exhibit 3, and incorporated by reference for all purposes.

On August 7, 2015, at the ex parte hearing on Relator's *ex parte* motion, Respondent *sua sponte* removed Tracy D. Cluck as Relator's attorney. Later that day Respondent appointed Gary Prust to represent Relator. A true and correct copy of that order is attached in the Appendix hereto, marked as Exhibit 4, and incorporated by reference for all purposes. Relator's case is set for hearing on pre-trial motions on August 27, 2015 at 9:00 a.m. and for jury trial on September 2015 at 8:30 a.m. A true and correct copy of the order setting these matters on the court's docket is

11

attached in the Appendix hereto, marked as Exhibit 5, and incorporated by reference for all purposes.

Relator has not requested new counsel and, indeed, wishes for Tracy D. Cluck to continue to represent him. *See* Relator's Affidavit (Unsworn Declaration), which is attached in the Appendix hereto, marked as Exhibit 6, and incorporated by reference for all purposes.

Tracy D. Cluck did not request to be removed as attorney for Relator nor did he receive notice that the trial court would hear the issue of substitution of counsel at the hearing on Relator's ex parte motions held on August 7, 2015. *See* Declaration of Tracy D. Cluck, attached in the Appendix hereto, marked as Exhibit 7, and incorporated by reference for all purposes. The instant application results.

## SUMMARY OF THE ARGUMENT

A trial judge acts without reference to guiding authority when he removes appointed counsel from representing an indigent defendant and appoints new counsel. Mandamus will issue to require the trial judge to set

12

aside that order. Mandamus relief is available to address this abuse of discretion as Relator has no adequate remedy by appeal and is entitled to mandamus relief.

A writ of prohibition should issue to prohibit Respondent from taking any further action on the underlying case until this appellate proceeding is concluded.

## ARGUMENT AND AUTHORITY

**ISSUE NO. ONE RESTATED:** The power of the trial court to appoint counsel to represent indigent defendants does not carry with it the concomitant power to remove counsel at the judge's discretionary whim and mandamus should issue to cause the order removing counsel to be vacated.

As shown by his Declaration, Relator is not dissatisfied with his attorney and has not requested new counsel to be appointed. As no request for new counsel was made and since notice of the hearing on Relator's *ex parte* motions does not indicate that the issue of substitution of counsel

13

would be heard by the trial court, it is clear that Respondent issued the order complained of *sua sponte*.

Relator's right to counsel implicates his rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution. It also implicates his rights under Art. 1, §10 of the Texas Constitution.

**Entitlement to Writ of Mandamus**

This court has concurrent mandamus jurisdiction with the Texas Court of Criminal Appeals in criminal-law matters. *Padilla v. McDaniel*, 122 S.W.3d 805, 807 (Tex.Crim.App. 2003)(orig. proceeding)(*per curiam*).

Mandamus is an extraordinary remedy. Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law. Mandamus relief is available if the trial court violates a duty imposed by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A writ of mandamus will issue to correct trial court actions when there has been a clear abuse of discretion, particularly where the remedy by appeal is inadequate. *In re Kuntz*, 124 S.W.3d 179, 180 (Tex. 2003); *Ayers v.*

14

*Canales*, 790 S.W.2d 554, 556 (Tex. 1990); *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987); *West v. Solito*, 563 S.W.2d 240, 244 (Tex. 1978); *Walker*, 827 S.W.2d at 843; *Jampole v. Touchy*, 613 S.W.2d 569, 572 (Tex. 1984). A trial court abuses its discretion if it acts without reference to any guiding rules and principles or if the trial court's act is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). "A trial court has no discretion in determining what the law is or applying the law to the facts." *Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex. 1996)(citing *Walker*, 827 S.W.2d at 840). The "trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion." *Id.*

A writ of mandamus will issue to correct trial court actions when there has been a clear abuse of discretion, particularly where the remedy by appeal is inadequate. *Ayers v. Canales*, 790 S.W.2d at 556; *Garcia v. Peeples*, 734 S.W.2d at 345; *West v. Solito*, 563 S.W.2d at 244.

The Court of Criminal Appeals has held "[t]hat the power of the trial court to appoint counsel to represent indigent defendants does not carry with it the concomitant power to remove counsel at his discretionary whim."

15

*Stearns v. Clinton*, 780 S.W.2d 216, 223 (Tex.Crim.App. 1989). A trial court cannot remove appointed counsel merely because he wants a different attorney to handle the case based on his personal feelings and preferences and mandamus is the appropriate remedy. *Id.*; *Buntion v. Harmon*, 827 S.W.2d 945 (Tex.Crim.App. 1992); *Stotts v. Wisser*, 894 S.W.2d 366 (Tex.Crim.App. 1995); *see Bowen v. Carnes*, 843 S.W.3d 805 (Tex.Crim.App. 2011). But that is exactly what the Respondent has done in the case at bar. And in so doing, he has acted directly in contravention of controlling precedent to interfere with the attorney-client relationship between Relator and Tracy D. Cluck. Mandamus should issue to set aside Respondent's order substituting Gary Prust for Tracy D. Cluck as Relator's attorney.

**ISSUE NO. TWO RESTATED:** A Writ of Prohibition should issue to prohibit Respondent from holding any hearings on the case until such time as the application for writ of mandamus shall have been determined.

Respondent has set the case on the trial court's docket on August 27, 2015 for hearing on Relator's pre-trial motions and on September 14, 2015

for jury trial. As it stands, Tracy D. Cluck has been removed as Relator's attorney and has no right to represent Relator at the pre-trial hearing or jury trial. Relator does not know whether this Court can rule on this application before this hearing and/or the jury trial occur.

**Entitlement to Writ of Prohibition**

The writ of prohibition is an extraordinary judicial writ that may be issued by a Court of Appeals, as a court of superior jurisdiction, directed to a court of inferior jurisdiction. Its purpose may be to prevent an inferior tribunal from exercising a jurisdiction that it has no lawful right to exercise. The writ of prohibition as used in Texas has three principal functions: (1) preventing interference with the higher courts in deciding a pending appeal; (2) preventing an inferior court from entertaining suits which will re-litigate controversies which have already been settled by the issuing court; and (3) prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. *Humble Oil Co. Inc. v. Walker*, 641 S.W.2d 941, 943 (Tex.App.—Dallas 1982, orig. proceeding).

Mandamus and prohibition are available in a criminal proceeding if the relator shows that: (1) the act he seeks to compel or prohibit does not involve a discretionary or judicial decision; and (2) he has no adequate remedy at law to redress the harm that he alleges will ensue. *Simon v. Levario*, 306 S.W.3d 318 (Tex.Crim.App. 2009)(orig. proceeding); *see also In re State ex rel. Weeks*, 391 S.W.3d 117, 122-23 (Tex.Crim.App. 2013)(orig. proceeding); *Deleon v. Aguilar*, 127 S.W.3d 1, 5 (Tex.Crim.App. 2004)(orig. procedeing). The first prong requires the relator to show that he has a clear right to the relief sought, meaning that the facts and circumstances dictate only one rational decision under unequivocal, well-settled, and clearly controlling legal principles. *Simon*, 306 S.W.3d at 320. When a relator seeks extraordinary relief that amounts to the undoing of an accomplished judicial act, that relief is more in the nature of mandamus than prohibition. *Id.* at 320, n. 2.

Any attempt by Respondent to force the underlying case to hearings or to trial will interfere with this Court's jurisdiction and will deprive Relator of the right to have the impropriety of the challenged order removing Tracy D. Cluck determined before he is subjected to hearings or trial hereunder.

A writ of prohibition should issue to prevent the Respondent from taking any action to proceed to hold hearings or to proceed to trial on the indictment against respondent.

## CONCLUSION & PRAYER

This Court should hold that Respondent abused his discretion when he removed Tracy D. Cluck as Relators attorney and appointed Gary Prust to represent Relator. This Court should further hold that a writ of prohibition is necessary to prevent the Respondent from holding hearings or from proceeding to trial on the indictment against Relator. This Court should thereafter issue its writs of mandamus and prohibition in conformity with the allegations of this Petition and the Court's findings. This Court should grant Relator general relief.

Respectfully submitted,

TRACY D. CLUCK
Tex. Bar No. 00787254
12600 Hill Country Blvd., Ste. R-275

19

Austin, Texas 78738
Tel: (512) 329-2615
Fax: (512) 329-2604
tracy@tracyclucklawyer.com

ATTORNEY FOR RELATOR
THOMAS ALLEN SIMON

Of Counsel:

L. T. "Butch" Bradt
14015 Southwest Freeway, Suite 4
Sugar Land, Texas 77478
Tel: (281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net

## CERTIFICATE OF SERVICE

I, the undersigned attorney, in accordance with Rule 9.5, Tex.R.App.P., certify that a true and correct copy of the foregoing Petition was delivered on August 10, 2015, by facsimile, to:

Honorable Evan Stubbs
424th Judicial District Court
1701 E. Polk St., Ste. 74
Burnet, Texas 78611
Fax: (512) 756-8478

Hon. Wiley B. "Sonny" McAfee
33rd & 424th Judicial District Attorney
1701 E. Polk St., Ste. 24
Burnet, Texas 78611
Fax: (512) 756-8572

Gary Prust
1607 Nueces St.
Austin, Texas 78701
Fax: (512) 469-9102

TRACY D. CLUCK

20

## CERTIFICATE OF WORD COUNT

I certify that the pertinent portion of this Petition for Writ of Mandamus and Writ of Prohibition is comprised of approximately 3216 words.

TRACY D. CLUCK

## TRAP RULE 52.7(a)(2) STATEMENT

A record of testimony was made of the *ex parte* hearing on Relator's *ex parte* motions by the official court reporter for the 424th District Court of Burnet County, Texas, Jennifer M. Fest, 208 Elm Lodge Dr., Kingsland, TX 78639, (512) 715-4238, 424reporter@dcourttexas.org. No exhibits were field at this hearing. However, this hearing contains testimony and discussion relevant to this original proceeding. Relator, by and through his attorney, Tracy D. Cluck, has requested the record of this hearing. A true and correct copy of the e-mail requesting the record is attached in the Appendix hereto, marked as exhibit 8, and incorporated by reference for all purposes. This was a closed, *ex parte* hearing where confidential matters regarding Relators case were discussed with the court. No members of the general public or representative of the State were present or allowed to be present during this confidential hearing. This petition, once filed, is a public record, which must be served on the prosecuting attorney in Relator's criminal case. As such counsel is not able to attach the record from the hearing as required by Texas Rules of Appellate Procedure 52.7(a)(2) without breaching his ethical duty of confidentiality to Relator. Relator requests that the Court of Appeals order the court reporter to forthwith file a sealed record of the hearing held on August 7, 2015 with Court of Appeals in order to preserve lawyer/client privilege and the constitutional rights of Relator to due process.

TRACY D. CLUCK

21

# APPENDIX

NO: 42908   THE STATE OF TEXAS   VS.   THOMAS ALLEN SIMON

**COUNT I**
INDICTMENT:              SEXUAL ASSAULT
PENAL CODE:              22.011(a)(1)
DEGREE OF FELONY:        SECOND DEGREE FELONY
OFFENSE CODE:            11990001
BOND:                    100,000.00

**COUNT II**
INDICTMENT:              SEXUAL ASSAULT
PENAL CODE:              22.011(a)(1)
DEGREE OF FELONY:        SECOND DEGREE FELONY
OFFENSE CODE:            11990001
BOND:                    100,000.00

**COUNT III**
INDICTMENT:              AGG ASSAULT W/DEADLY WEAPON
PENAL CODE:              22.02(a)(2)
DEGREE OF FELONY:        SECOND DEGREE FELONY
OFFENSE CODE:            13150005
BOND:                    $100,000

CONTROL # DA-14-00599   TRN#9192634370  D001; D002; A001

IN THE 424th JUDICIAL DISTRICT COURT OF BURNET COUNTY, TEXAS

---

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Burnet, State of Texas, duly organized, impaneled and sworn as such at the January term, A.D. 2014, of the 424th Judicial District Court for said County, upon their oaths present in and to said court at said term that, THOMAS ALLEN SIMON, hereinafter referred to as Defendant, on or about the 1st day of September, 2012 and before the presentment of this indictment, in the County of Burnet, and the State of Texas, did then and there intentionally or knowingly cause the

FILED
JUN - 3 2014
3:24 AM
CASIE WALKER DISTRICT CLERK
BURNET COUNTY, TEXAS

Page 1 of 2

**Exhibit** 1

penetration of the sexual organ of Rebecca Schaller by the Defendant's sexual organ, without the consent of Rebecca Schaller.

## COUNT II

AND IT IS FURTHER PRESENTED in and to said Court at said term, that on or about the 1st day of September, 2012, and before the presentment of this indictment, in the County of Burnet, and the State of Texas, the Defendant did then and there intentionally or knowingly cause the penetration of the anus of Rebecca Schaller by the Defendant's sexual organ, without the consent of Rebecca Schaller.

## COUNT III

AND IT IS FURTHER PRESENTED in and to said Court at said term, that on or about the 25th day of January, 2014, and before the presentment of this indictment, in the County of Burnet, and the State of Texas, the Defendant did then and there intentionally, knowingly, and recklessly cause bodily injury to Rebecca Schaller by striking her with his hand, and the Defendant did then and there use a deadly weapon, to-wit: the Defendant's hand, during the commission of said assault.

AGAINST THE PEACE AND DIGNITY OF THE STATE

_____
FOREPERSON OF THE GRAND JURY

Roxanne Nelson <magistrate@burnetcountytexas.org>          April 8, 2014  8:56 AM
To: "'Tim Cowart'" <jtcowart@timcowartlawoffice.com>, "'Tracy Cluck'"
<tracy@tracyclucklawyer.com>
RE: Thomas Simon


Mr. Cluck:

Consider this notice that you have been substituted on Mr. Simon's felony case(s).


**From:** Tim Cowart [mailto:jtcowart@timcowartlawoffice.com]
**Sent:** Monday, April 07, 2014 10:40 PM
**To:** Tracy Cluck
**Cc:** Roxanne Nelson
**Subject:** Re: Thomas Simon

Judge Nelson,

**Please consider this as a request to substitute Tracy Cluck as appointed counsel for Mr. Simon's felony case(s).**

As you may see from the quoted email correspondence, Mr. Cluck is familiar with Mr. Simon's situation, having been his lawyer on misdemeanor charges since last year.

Thank you for your courtesies and attention.

Sincerely,

Tim Cowart
Attorney at Law

Reply Email:
jtcowart@timcowartlawoffice.com

Llano:
(325) 247-5486
Marble Falls:
(830) 798-1063
Facsimile: (866) 418-4160

URL:
http://www.timcowartlawoffice.com

CONFIDENTIALITY NOTICE:


The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please

**Exhibit**  **2**

Dear Mr. Cluck:

Judge Stubbs wants a hearing on your motion for additional funds. I will not put on the docket what the hearing is for since it is ex-parte but the hearing will be set for August 7 at 9:00 a.m.


Best Regards,

Jennifer Bunting
424th Judicial District Court Coordinator
1701 E. Polk
Burnet, TX 78611
512-756-5438 telephone
512-756-8478 facsimile

Honorable Judge Evan Stubbs Presiding



**Exhibit 3**

In The 33rd/424th Judicial District Court of Burnet County
State of Texas
Honorable Evan Stubbs
Criminal Docket
Friday, August 07, 2015 at 9:00 AM

8/4/2015 10:46 AM

Page |5

**12) 43758 - Status Hearing at 9:00 AM**

**SANDERS, TIMOTHY LARS**

Davis, Richard
512-756-5117

Warrant Status: Served

Degree: Offense:
(F2)MAN DEL CS PG 1A >=20<80AU

Court Appointed
03/26/2015

IN JAIL 70

Bond Information:
$35,000.00   2015-001 PATS BAIL BONDS

Continuances: 0          30 Days  01/20/2015 - 02/18/2015
Last Court Date: 07/28/2015
Related Cases:
Memo:
Future Hearing Date:  08/27/2015; 09/14/2015
Age of Case: 182
Indictment Date: 02/03/2015

| Assessed Fees: | | Projected Crt Costs: |
|---|---|---|
| $0.00 | | $284.00 |
| | TOTAL: | $284.00 |

**13) 42908 - Status Hearing at 9:00 AM**

**SIMON, THOMAS ALLEN**

Cluck, Tracy D.
512-329-2615

Warrant Status: Served

Degree: Offense:
(F2)SEXUAL ASSAULT
(F2)SEXUAL ASSAULT
(F2)AGG ASSAULT W/DEADLY WEAPON

Court Appointed
06/06/2014

IN JAIL 511

421 Days as of 08-04-2015  06/10/2014 - ; 421 Days as of 08-04-2015  06/10/2014 - ; 511 Days as of 08-04-2015

Continuances: 0          03/12/2014 -
Last Court Date: 06/10/2015
Related Cases:
Memo:
Future Hearing Date: 08/27/2015; 09/14/2015
Age of Case: 427
Indictment Date: 06/03/2014

| Assessed Fees: | | Projected Crt Costs: |
|---|---|---|
| $50.00 | | $474.00 |
| | TOTAL: | $524.00 |

**14) 44179 - Status Hearing at 9:00 AM**

**TAYLOR, CALVIN ERNEST JR.**

Def, Pub
512-234-3061

Warrant Status:

Degree: Offense:
(F1)MAN DEL CS PG 1 >=4G<200G

Court Appointed
02/13/2015

IN JAIL 174

Continuances: 3          174 Days as of 08-04-2015  02/12/2015 -
Last Court Date: 07/20/2015
Related Cases:
Memo:
Future Hearing Date:
Age of Case: 63
Indictment Date: 06/02/2015

| Assessed Fees: | | Projected Crt Costs: |
|---|---|---|
| $0.00 | | $284.00 |
| | TOTAL: | $284.00 |

CAUSE NO. 42908

THE STATE OF TEXAS                    §          IN THE DISTRICT COURT OF
v.                                    §
                                      §          BURNET COUNTY, TEXAS
THOMAS ALLEN SIMON                    §

## ORDER ON DEFENDANT'S APPLICATION FOR APPOINTMENT OF ATTORNEY

After considering the application for appointment of attorney filed by the Defendant in the above entitled and numbered cause, and the evidence in support thereof and in opposition thereto, the Court finds that:

☐ Defendant   ☐ is   X is not   ☐ is not fully financially able to employ an attorney and that Defendant's application for appointment should be  X GRANTED   ☐ DENIED.

☐ Defendant has not properly completed the Application and the same is hereby DENIED based on:
 ☐ Inadequate attempts to hire attorney when apparently able.
 ☐ Inadequate attempts to borrow money. ☐ See highlighted areas.
 ☐ Has assets capable of obtaining loan – must submit at least two loan rejections.
 ☐ Financial information is not credible – hearing is required before the judge.
 ☐ Other: _____        _____

It is accordingly ORDERED that:

X ☐ Public Defender's Office OR  X GARY PRUST, Substituting for Tracy Cluck be and is hereby appointed to represent said Defendant.
 ☐ The Court finds that Defendant is able to pay $_____ toward attorney fees and is hereby ORDERED

to deposit such sum in the Attorney's Trust Account on or before ☐ _____ days from this date,

or

 ☐ at the rate of $_____ per (wk)(mo)(ea. Paycheck) until such sum is accumulated.  **Attorney shall immediately inform the Court if any payment is missed. If presently in jail, defendant is ORDERED to begin such payments beginning one week after release on bond.**

☐ Defendant employ an attorney for this proceeding and appear, with counsel, before this Court in

_____ County, Texas, on _____, 19_____, at _____

o'clock _____.m. for the purpose of

☐ Review of Application for Ct. appt'd Attorney ☐ Arraignment, ☐ Appearance of counsel,

☐ Status Hearing ☐ Other: _____

and, if failing to hire counsel, Defendant shall show cause for the failure to do so and may be held in contempt.

Signed on August 7, 2015.

_____
Judge Presiding

☒ (if checked) Following receipt is required.

I hereby acknowledge receipt of a copy of this ORDER on *aug 7* _____, 20*15*
_____
Defendant

CC: District Attorney
 Tracy Cluck
 Gary Prust (Prior Attorney-Client Relationship)
 Thomas Allen Simon

**Exhibit** 4

Cause No. 42908

**SEXUAL ASSAULT; SEXUAL ASSAULT; AGG ASSAULT W/DEADLY WEAPON**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 424TH DISTRICT COURT |
| v. | § | OF |
| THOMAS ALLEN SIMON | § | BURNET COUNTY, TEXAS |

NOTICE OF SETTING OR RESETTING

The above entitled and numbered cause is hereby set/reset for the following date (s) and purpose (s). All times are 9:00 a.m. unless noted to the contrary.

| | | |
|---|---|---|
| 28.01 Hearing | August 27, 2015 | 9:00 AM |
| Plea Deadline Docket | August 27, 2015 | 9:00 AM |
| Jury Trial | September 14, 2015 | 8:30 AM |

GENERATED this 10th day of June, 2015

IN CRIMINAL CASES, FAILURE OF A DEFENDANT TO APPEAR FOR ANY SETTING ABOVE MAY RESULT IN FORFEITURE OF BOND AND ISSUANCE OF CAPIAS FOR ARREST. IN ALL CASES, FAILURE OF AN ATTORNEY TO APPEAR MAY RESULT IN APPROPRIATE SANCTIONS BEING IMPOSED UPON THE ATTORNEY.

Original to the Court File. Copies of this notice have been sent to:

District Attorney
P.O. Box 725
Llano, TX 78643

TRACY D. CLUCK



**Exhibit 5**

## Affidavit of Thomas Simon

1.      My name is Thomas Simon. I am the Defendant in Cause No. 42908 in the 424th Judicial District of Burnet County, Texas.

2.      It is my desire that Tracy D. Cluck remain as my court appointed attorney in my criminal case.

Affiant further sayeth not.


_Thomas Simon_
Thomas Simon


My name is Thomas Simon. My date of birth is 3-22-83, and my inmate identification number is 26546. I am presently incarcerated in the Burnet County Jail in Burnet, Burnet County, Texas 78611. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 7 day of August, 2015.

_Thomas Simon_
Thomas Simon


**Exhibit 6**

# UNSWORN DECLARATION OF TRACY D. CLUCK

Under 28 U.S.C. §1746 and Texas Civil Practices & Remedies Code §132.001 *et seq.*, I declare under penalties of perjury that my name is Tracy D. Cluck. I am over the age of 18 years and competent to make this declaration. My date of birth is October 4, 1961. My address is 12600 Hill Country Blvd., Ste. R-275, Austin, Texas 78738. This document is not a lien required to be filed with a county clerk, an instrument concerning real or personal property required to be filed with a county clerk, or an oath of office or an oath required to be taken before a specified official other than a notary public. I have not been forced to sign this declaration. I declare under penalties of perjury that all assertions provided in this document are correct and true.

The documents attached to the Petition for Writ of Mandamus and Writ of Prohibition are true and correct copies of the original documents, which are found among the papers of Cause No. 42908 in the Office of the District Clerk of Burnet County, Texas or from my files. I did not request to be removed as attorney for Thomas Allen Simon. I did not receive notice that the trial court would hear the issue of substitution of counsel at the hearing on Relator's *ex parte* motions held on August 7, 2015. Thomas Allen Simon did not ask that I be removed as his attorney prior to, during or after that hearing. The hearing was *ex parte*, in a closed courtroom, with only me, Relator (who was and is in the custody of the Burnet County Sheriff), Respondent, a Deputy Sheriff, a representative of the District Clerk's Office, and the official court reporter for the 424th Judicial District Court of Burnet County, Jennifer M. Fest (who made a record of the hearing). At that hearing the trial court *sua sponte* removed me immediately as Relator's attorney over my objection and did not rule on Relator's *ex parte* motions.

Signed on August 9, 2015.


TRACY D. CLUCK

**Exhibit 7**



Hi Ms. Hoffman,

I would like to obtain a transcript of the ex part hearing in *State of Texas v. Thomas Simon*, Cause No. 42908, In The 424th District Court of Burnet County, held this morning, 8/7/2015, in Burnet County, Texas.

Please let me know the cost for this and I will pay you for the record of this hearing.  You can provide this to me in electronic form.

Also, please preserve all of your records of this hearing, including but not limited to, tape recordings, electronic files, and stenograph tapes.

Thank you for your prompt attention to this matter.

With kindest regards,

Tracy D. Cluck

(512) 329-2615 Austin/Bee Cave
(512) 264-9997 San Antonio/Hill Country
www.tracyclucklawyer.com

**Exhibit**

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00500-CV

### In re Thomas Allen Simon

### ORIGINAL PROCEEDING FROM BURNET COUNTY

## MEMORANDUM OPINION

We lift the stay order issued on August 12, 2015, and deny relator's petition for writ of mandamus and for writ of prohibition.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Filed: August 25, 2015

**Exhibit** 10